UNITED STATES of America, Plaintiff-Appellee,

v.

William E. IRVIN, Defendant-Appellant.

No. 86–2882.

United States Court of Appeals, Fifth Circuit.

June 10, 1987.

Patty Merkamp Stemler, Louis M. Fischer, Washington, D.C., Susan L. Yarbrough, James R. Gough, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., Mervyn Hamburg, Atty., Appellate Section, Crim.Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Thomas S. Berg, Asst. Federal Public Defender, Roland E. Dahlin, Federal Public Defender, Houston, Tex., for defendant-appellant.

Before GOLDBERG, HILL, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

William E. Irvin, former assistant vice president of United Savings Association of Texas, at Houston, was indicted in June 1982 for making three fraudulent loans to persons or entities that did not apply for the loans and diverting the proceeds to his own use. He embezzled $50,640.30 but in a negotiated guilty plea, he pleaded guilty only to the second count of the indictment that involved a loan transaction for $19,947.30. The government, in exchange, agreed to dismiss the first and third counts of the indictment and to make no recommendation on either sentencing or restitu-

tion. The district court thereafter suspended the imposition of confinement and placed Irvin on five years probation, conditioned upon his making restitution to United Savings by paying off the three loans. For three years, Irvin complied with the restitution obligation, but after he ceased making payments on the loans the U.S. Probation Department requested that his probation be revoked. Irvin's appeal follows from the district court's revocation of probation. We affirm in part and vacate in part.

■ Irvin first attempts to challenge the validity of the restitution provision of his initial sentencing as vague and overbroad. The government argues, and we agree, that appellant has waived the right to make this assertion. Appellant never challenged the terms of the restitution provision either at the time of his sentencing or by way of direct appeal, nor did he seek relief pursuant to Federal Rule of Criminal Procedure 35. In *United States v. Weber*, 437 F.2d 1218, 1220 (7th Cir.1971), *cert. denied*, 402 U.S. 1008, 91 S.Ct. 2189, 29 L.Ed.2d 430 (1973), the court held that a probationer who accepted a condition of probation and did not challenge it through direct appeal "was foreclosed from attacking the condition on his subsequent appeal from the order revoking probation." *See also United States v. Stine*, 646 F.2d 839, 844–45, 847 (3rd Cir.1981). We therefore decline to rule on the validity of the restitution condition of the original sentence.

■ Responding to Irvin's second contention, we hold that the district court did not abuse its discretion in revoking probation. Irvin ceased making payments under the restitution order in October 1985. He never asserted poverty as the reason for failure to pay, rather, he questioned United Savings' computation of interest due. At the time of the probation revocation hearing, appellant was working as a salesman of swimming pool construction equipment at a salary of $350 per week against commission. Although the Houston economy was depressed, appellant reported that he was optimistic about making sales out of state. His wife also worked and contributed to the support of two children and a grandchild who lived at their home. Irvin's restitution payments were $391 per month. The Supreme Court has held that probation cannot be revoked for a defendant's failure to pay restitution if such failure results from a condition, like poverty, which is attributable to no fault of his own. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The evidence in this case, however, fairly supports the conclusion evidently reached by the district court that poverty, or circumstances beyond his control, were not the cause of Irvin's cessation of payments under the restitution order. "All that is required for the revocation of probation is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of probation." *United States v. Turner*, 741 F.2d 696, 698 (5th Cir.1984) (quoting *United States v. Dozier*, 707 F.2d 862, 865 (5th Cir.1983)). Such evidence existed, and we therefore reject appellant's second contention.

■ Irvin is entitled to some relief from the district court's sentence following revocation of probation. In addition to sentencing him to one year in a federal penitentiary, the court imposed a continuing restitution obligation in the amount of the payments on the remaining balance of the loans. The government agrees with appellant's position that the court had no authority to order such restitution as part of a probationary sentence under 18 U.S.C. § 3651, the basis for the instant restitution order. Following the effective date of the Victim and Witness Protection Act of 1982, 18 U.S.C. § 3579, 3580, offenders may be ordered to pay restitution in addition to any other sentence. Irvin's offenses were committed before this statute went into effect.

The judgment of the district court is accordingly AFFIRMED in part and VACATED to the extent it requires a continuing restitutionary obligation on the part of appellant.