911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen Franklin SILVIOUS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Owen Franklin SILVIOUS, Defendant-Appellant.
 Nos. 89-6353, 89-7809.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 8, 1990.
Decided Aug. 2, 1990.
Rehearing and Rehearing In Banc Denied Aug. 30, 1990.
 
 Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR No. 86-80-R; C/A No. 89-458-R; CR No. 85-35-R; C/A No. 89-429-R)
 Owen Franklin Silvious, appellant pro se.
 Peter Guido Strasser, Office of the United States Attorney, Roanoke, Va., for appellees.
 W.D.Va.
 AFFIRMED AS MODIFIED AND REMANDED.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Owen Franklin Silvious appeals from the orders of the district court denying his applications for post conviction relief brought pursuant to 28 U.S.C. Sec. 2255. Appellant also brought a motion in the district court for a stay of the restitution orders entered in his cases pending resolution of these appeals. The motion was denied below and appellant has renewed the motion on appeal. With the modifications noted below we affirm the judgments of the district court.
 
 I.
 
 2
 Appellant pled guilty in January 1986 to two counts of mail fraud in violation of 18 U.S.C. Sec. 1341. The offenses underlying the convictions were committed in 1981 and 1982. (Criminal action No. 85-35-R, appeal No. 89-7809). Appellant was sentenced to five years on each count; however, execution of sentence was suspended and appellant was placed on probation. As a special condition of probation appellant was ordered to make restitution to the victims totaling $106,000. A total of $35,000 was paid to the victims in partial satisfaction of the restitution order while appellant was on probation.
 
 
 3
 Appellant subsequently violated his probation and, after a revocation proceeding, was sentenced on November 6, 1986, to consecutive five-year terms of imprisonment. The November 6 judgment did not mention restitution. On February 26, 1987, appellant pled guilty to two counts of devising a scheme and artifice to defraud or obtain money or property in violation of 18 U.S.C. Secs. 1343 and 1344. (Criminal action No. 86-80-R, appeal No. 89-6353). The offenses underlying these convictions were committed in 1985. Appellant was sentenced to consecutive five-year terms on these counts. He was also ordered to pay restitution to the victims in No. 86-80-R, and to pay a fine. Appellant did not appeal the convictions or sentences in either case.
 
 II.
 
 4
 In his Sec. 2255 applications appellant challenges, among other things, (a) the district court's failure to make certain findings under the Victim and Witness Protection Act (VWPA), 18 U.S.C. Secs. 3663 and 3664 (previously 18 U.S.C. Secs. 3579-3580), prior to ordering restitution, (b) the propriety of continued restitution in No. 85-35-R, (c) the court's failure to make findings with regard to contested matters in the presentence reports, and to append resolution of such contested matters to the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D), (d) the court's failure to inform him of the possibility of restitution prior to accepting the guilty pleas in both cases, (e) the court's failure to provide him with sufficient time to speak prior to the imposition of the sentences, and (f) the propriety of his conviction under Count II of No. 86-80-R.
 
 
 5
 With the exception of the claims concerning the continued restitution in No. 85-35-R and the violations of Rule 32, we find no reversible error in the allegations and affirm on the reasoning of the district court.
 
 A.
 
 6
 Appellant contends that the district court improperly imposed restitution in No. 85-35-R for offenses committed before January 1, 1983, the effective date of the VWPA. Appellant also contends that the district court erred in sentencing him to prison in addition to ordering restitution. The record is silent as to whether the district court imposed restitution under the VWPA or the Federal Probation Act (FPA), 18 U.S.C. Secs. 3651 et seq. (repealed effective Nov. 1, 1987). If imposed under the VWPA then appellant is correct that the restitution order would be error because the offenses were committed prior to the effective date of the VWPA. United States v. Oldaker, 823 F.2d 778 (4th Cir.1987). If imposed under the FPA then the restitution order would be proper; however, once the probation was revoked the court could not continue to require restitution to be made. See, e.g., United States v. Angelica, 859 F.2d 1390, 1392-93) (9th Cir.1988) (court has no authority under FPA to order restitution while defendant incarcerated); United States v. Irvin, 820 F.2d 110, 111 (5th Cir.1987) (same).
 
 
 7
 There is no reason to believe from the record surrounding the restitution order under No. 85-35-R that the court based its authority on the VWPA. To the contrary, the record supports the conclusion that the court intended the restitution to be a condition of probation pursuant to the FPA. In accepting the guilty plea in No. 85-35-R the court explained to appellant the potential for restitution in the case. In fact, the court specifically stated to appellant that if the court were to put him on probation, the Court could make as a special term of the probation that he be required to make restitution.
 
 
 8
 The question remains, however, whether appellant is presently being required to make restitution on the No. 85-35-R offenses. Although the May 20, 1986, judgment and commitment order included restitution as a special condition of probation, the judgment and commitment order reflecting the probation revocation does not include any mention of restitution. In view of appellant's motion for a stay of the restitution order pending appeal, this Court requested the Clerk's Office for the Western District of Virginia to supplement the record with a report on the status of the funds being deducted from appellant's prison account. The report indicates that prior to the revocation of appellant's probation $35,000 was paid to victims in No. 85-35-R as restitution.* The report also notes that subsequent to the probation revocation, the district court has received $120 through the Bureau of Prisons to be applied to the restitution obligation in No. 85-35-R. Because of the pendency of these appeals, however, the clerk's office is voluntarily holding the funds and has not made any disbursements to the victims. The report also indicates that an additional $230 has been collected by the Bureau of Prisons and sent to the Department of Justice to be used as restitution, and indicates that the $230 is presently targeted toward the restitution obligation under No. 85-35-R. These funds are also being voluntarily held pending resolution of these appeals.
 
 
 9
 Regarding case No. 86-80-R, in which restitution was properly ordered under the VWPA, the report indicates that none of the funds which have been collected and are being held are targeted for the victims in that case.
 
 
 10
 We find no error in the restitution order entered in No. 86-80-R under authority of the VWPA. Accordingly, the Bureau of Prisons may continue to deduct funds from appellant's inmate account and may forward those funds to the district court for satisfaction of the restitution obligations under No. 86-80-R. Appellant's request for an order enjoining the Bureau of Prisons from deducting the funds and enjoining the district court clerk's office and the Department of Justice from collecting the funds, therefore, is denied.
 
 
 11
 It appears from the record, as supplemented, that the inmate account funds, although properly deducted, are being improperly targeted toward satisfaction of the restitution obligation under No. 85-35-R. Restitution could only be imposed under the Federal Probation Act as a condition of probation. Once the probation was revoked, and the defendant incarcerated, the defendant's restitution obligations under the Act cease. See United States v. Angelica, 859 F.2d 1390, 1392-93 (9th Cir.1988); United States v. Irvin, 820 F.2d 110, 111 (5th Cir.1987). Although we note that the judgment and commitment order revoking the probation in No. 85-35-R and imposing the maximum terms of incarceration does not include restitution provisions, the clerk's office is still giving effect to the original pre-revocation judgment which ordered restitution. On remand the district court is instructed to clarify to its clerk's office that the restitution funds currently being held, and funds collected in the future, are to applied only toward the restitution obligations in No. 86-80-R.
 
 B.
 
 12
 Appellant contends that the district court failed to make findings of fact regarding contested matters contained in the presentence reports and failed to either correct the presentence reports or append the court's resolution of the contested matters to the presentence report. Under Fed.R.Crim.P. 32(c)(3)(D), if a defendant challenges the factual accuracy of any part of the presentence report, the district court is required to:
 
 
 13
 (1) As to each matter controverted, make either a finding as to the allegation or a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing; and
 
 
 14
 (2) Append a written record of such findings and determinations to any copy of the presentence report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 15
 Section 2255, however, provides extremely limited relief for Rule 32 errors. This Court has held that a defendant waives most nonconstitutional Rule 32 errors by failing to raise them on direct appeal. United States v. Emanuel, 869 F.2d 795 (4th Cir.1989). The major exception to the rule announced in Emanuel is that the district court's failure to append findings about disputed portions of the presentence report can be raised in a Sec. 2255 motion. See United States v. Miller, 871 F.2d 488 (4th Cir.1989); see also United States v. Gattas, 862 F.2d 1432, 1434 n. 4 (10th Cir.1988) (noting that the court's failure to make findings is apparent at time of sentencing and, therefore, can be raised on appeal, but failure to append findings is not readily discernible).
 
 
 16
 In this case the record reveals that the court listened to all of appellant's objections, corrections, and additions to the presentence report in No. 85-35-R and accepted appellant's position on the disputed matters as true. In No. 86-80-R the court rejected all of appellant's objections to the presentence report except one. The court did, at appellant's request, order a sentence in the report stricken. Neither presentence report is before us. Consequently, we have no basis for concluding that the corrections or deletions ordered by the court have been made to the report and forwarded to the Bureau of Prisons and the Parole Commission. Accordingly, we remand the cases with directions that the court review the presentence reports and the transcripts of the sentencing proceedings to determine if the corrections, additions, or deletions ordered by the sentencing court have been made to the report. If modifications have not been made the court shall reduce the sentencing court's resolution of the disputed matters to writing and direct the probation officer to attach the written determination to the presentence report and furnish it both to the Bureau of Prisons and the Parole Commission. See United States v. Miller, 871 F.2d 488, 489 (4th Cir.1989).
 
 III.
 
 17
 In summary, we remand with instructions that (1) the court modify the restitution accounts in place in its clerk's office to ensure that present and future funds collected from appellant are used only toward satisfaction of the restitution obligations under No. 86-80-R, and (2) the court review the presentence reports in Nos. 85-35-R and 86-80-R for compliance with the appending requirement of Fed.R.Crim.P. 32(c)(3)(D). With these modifications, we affirm the orders of the district court in all other respects. We deny the motion for stay of the restitution order, and the motion for modification or reduction of the sentences. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 AFFIRMED AS MODIFIED AND REMANDED
 
 
 *
 This amount was paid while appellant was on probation; therefore, it is not subject to attack