**UNITED STATES of America, Appellee,**

v.

**Daniel R. OFCHINICK, Sr., Appellant.**

**No. 90–3716.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 12, 1991.

July 5, 1991.

**2.** Specifically, we will set aside and deny enforcement of paragraph 2(a)–(c) of the Board's    order.

Walter A. Koegler, Koegler & Tomlinson, and Harry R. Ruprecht, King, Ruprecht & McQuoid, Pittsburgh, Pa., for appellant.

Thomas W. Corbett, Jr. and Bonnie R. Schlueter, Office of U.S. Atty., Pittsburgh, Pa., for appellee.

Before SLOVITER, Chief Judge, and COWEN and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

The proceeding underlying the present appeal was initiated by a petition filed by the probation office having supervision over Daniel R. Ofchinick, Sr. The petition sought a date for a hearing for the court "to determine if the probationer has violated the conditions of his probation." Among other provisions of Ofchinick's sentence, he had been placed on probation subject to a number of terms and conditions, one of which required him to make restitution to his victims.

This court had previously affirmed the district court's order that set the total amount of Ofchinick's restitution obligation, relating to his conviction for mail and securities fraud and RICO violations, at a total of $3,988,629.54. *United States v. Ofchinick*, 883 F.2d 1172, 1175–76, 1184 (3d Cir.1989). Because Ofchinick had paid only a total of $150 toward that restitution obligation, on September 21, 1990 the district court ordered that a probation violation hearing be held on October 5, 1990.[1] At the hearing, the evidence that was adduced included evidence of Ofchinick's income and expenses. At the conclusion of the hearing, the district court ruled from the bench, ordering Ofchinick to pay $1000 per month in installment payments to discharge his restitution obligation. Appendix at 47. The district court ruled: "I'm ordering him to pay $1,000 a month restitution beginning with the last day of this month, and the last day of every month hereafter until his restitution is paid. If he doesn't pay it he's going back to jail." Appendix at 47.

### I.

Ofchinick appealed the district court's oral ruling, arguing that the $1000 per month payment schedule violated his due process rights, because the evidence was insufficient to establish that he had the ability to make such payments. He argues, as well, that his First Amendment rights are violated by such an order as it does not recognize or give him credit for his $600 per month payment to the church of which he is a minister.

---

1. By the time of the October 5, 1990 hearing Ofchinick had paid an additional $250 toward the restitution obligation. Appendix at 30.

2. The district court's order reads as follows:
   AND NOW, this 3rd day of May, 1991, upon consideration of the Government's Petition for Probation Action filed in the above captioned matter on September 20, 1990, and after a hearing on such Petition held on October 5, 1990,
   This Court finds the defendant receives adequate income and possesses sufficient holdings so as to enable him to make monthly restitution payments of at least $1,000. The

Initially we confronted a jurisdictional problem in that the district court, in delivering its oral ruling, had not reduced that ruling to a written order which could be docketed. In the absence of a docketed order, Ofchinick's notice of appeal was premature. We, thereupon, directed the district court to enter a written order resolving its October 5, 1990 hearing so that the clerk of the district court could enter that order in its docket. On May 3, 1991, the district court entered the order which was required if jurisdiction was to vest in this court.[2] Ofchinick's earlier filed notice of appeal thereupon ripened, and vested jurisdiction in this court to address Ofchinick's challenges to the district court's disposition of the probation violation hearing. *See In re Matter of Grand Jury Empaneled January 21, 1975*, 541 F.2d 373, 376–77 (3d Cir.1976).

### II.

The government nevertheless contends that although an effective order has now been filed by the district court, an appeal still does not lie because "the order is not ripe for review." Supplemental Brief of the Government, filed April 9, 1991, at 2. The government does not agree that the mere filing of an order setting forth a new probationary condition is sufficient to invoke our jurisdiction. Rather, in supplemental briefing ordered by this court, the government argues that the district court's order "merely implements the [restitution] order previously affirmed by this court," *id.*, and that because Ofchinick has apparently thus far complied with that order and

---

Court also finds that defendant's restitution payments as of October 5, 1990, have been inadequate to fulfill his restitution obligations. Consequently, IT IS HEREBY ORDERED that defendant, Daniel R. Ofchinick, Sr., shall pay $1,000 per month restitution due on the last day of every month, commencing October 31, 1990 and continuing thereafter until the total amount of restitution imposed by this Court on June 9, 1988 is paid in full. Defendant made restitution payments of $250 on October 3, 1990, so the amount of restitution due on October 31, 1990 is reduced to $750.

has not been incarcerated for its violation,[3] he does not present an issue that is ripe for appeal. The government argues that:

the order constitutes an administrative step implementing the previous order of restitution, which both the district court and this Court had found Ofchinick able to pay. Although the district court warned that Ofchinick must pay the set amount or go to jail, this is the understood threat that accompanies every probation condition.

. . . .

The order does not become ripe for review unless or until probation is revoked.

Supplemental Brief of the Government, at 5, 7. In effect, the government's position is that until Ofchinick fails to make the ordered $1,000 per month payment, has his probation revoked, and is remanded to prison, he may not appeal the condition of probation imposed by the district court which requires that Ofchinick make payments of $1,000 per month.

### III.

■ We analyze the government's position as one which would have us hold that no appellate jurisdiction can attach until after probation has been revoked. True, nowhere in the government briefs is an argument found which is focused on, or characterized as, "jurisdiction." Instead, the government relies on terms such as "ripeness for appeal" and "finality," which, although related to concepts of jurisdiction, do not refer specifically to jurisdiction. Significantly, the cases to which the government refers do not discuss jurisdictional doctrine and those cases, some of which we address in detail *infra*, involve

both direct appeals from convictions and sentences as well as appeals from probation revocation orders.

No decision cited by the government is directly on point or directly supports the government's argument, or even more importantly discusses when appellate jurisdiction vests to review a defendant's challenge to a probation condition. Moreover, in every case cited to us, the court either reviewed the challenged probation condition on the merits or held that the defendant had waived his or her objection by not raising it at the time the particular condition was imposed. *See, e.g., United States v. Furst*, 918 F.2d 400, 401, 408–10 (3d Cir.1990) (on Furst's appeal from a judgment of sentence, court held that district court "failed adequately to set forth the basis of its restitution order in conformity with the applicable case law"); *United States v. Cannistraro*, 871 F.2d 1210, 1214 (3d Cir.1989) (on Cannistraro's appeal from judgment of sentence, including imposition of restitution obligation, court held challenge to order of restitution to be without merit); *United States v. Ofchinick*, 883 F.2d 1172, 1174, 1176 (3d Cir.1989) (on Ofchinick's appeal from judgment of conviction and sentence, court held that objection to restitution order was without merit); *United States v. Sleight*, 808 F.2d 1012 (3d Cir.1987) (on Sleight's appeal from order of restitution imposed pursuant to Federal Probation Act, following affirmance of judgment of conviction, court held that restitution order was not unduly harsh).[4]

Moreover, in *United States v. Stine*, 646 F.2d 839 (3d Cir.1981), we held that Stine's failure to challenge the validity of a condition of probation at the time the condition was imposed constituted in effect a waiver

---

**3.** The government's brief claims that Ofchinick has been faithfully complying with the court's payment order. Brief of Appellee at 3. Nothing in the record, however, substantiates or disavows that assertion.

**4.** Nor is *United States v. Walden*, 578 F.2d 966 (3d Cir.1978), to the contrary. In *Walden*, the court did review Walden's argument that his lifetime special parole term was not authorized by statute; constituted cruel and unusual punishment; and was tantamount to life imprison-

ment. In rejecting these arguments, which we met on the merits and with no jurisdictional discussion, we added in the context of our ruling that "[i]mprisonment as a result of parole revocation is only speculation at this time and does not present a ripe question for decision." *Id.* at 972. Here, however, if we were to adopt the government's position, it would prevent us from addressing Ofchinick's arguments altogether, a result which we deem inconsistent with that in *Walden*.

of that challenge. *Stine* involved an appeal from the district court's order which revoked Stine's probation for violation of a probation condition. Stine was required, as a condition of his probation, to appear for psychological counseling, and he attacked this condition as being invalid and unconstitutional. *Id.* at 839.

This court in *Stine* discussed the use of probation as an alternative to incarceration, and the need for psychological counseling, but did not address the merits of Stine's claim. Rather, we held that Stine had failed to protest the entry of the probationary condition at the time that it was imposed. By failing to do so, Stine had waived his right to object. *Id.* at 846–47. In so holding, we cited cases which provide that a defendant may contest the constitutionality of a probation condition on direct appeal from the judgment of conviction, and cases that provide that, where a defendant does not attack a probation condition when it is imposed, he or she is foreclosed from a later challenge to that condition. *Id.* at 846–47 & n. 16. Accordingly, Stine, who had waited until his probation had been revoked, could no longer object to the constitutionality of the probationary condition. *Id.* at 846–47. *See also United States v. Irvin*, 820 F.2d 110, 111 (5th Cir.1987) (declining to rule on validity of restitution condition because defendant waived right to challenge it by failing to raise issue at time of sentence, on direct appeal, or pursuant to Fed.R.Crim.P. 35) (citing *Stine*, 646 F.2d at 844–45).

In reaching its conclusion, the court in *Stine* distinguished the circumstance involved in *Wood v. Georgia*, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). *Stine*, 646 F.2d at 847 n. 18. In *Wood*, the defendants had been convicted of distributing obscene materials and had been sentenced to periods of probation on condition that they make regular installment payments in satisfaction of their fines. *Wood*, 450 U.S. at 262–63, 101 S.Ct. at 1098–99. When they failed to make those payments, their probations were revoked. They claimed that revoking their probation discriminated against them on the basis of wealth, in violation of the equal protection

clause. *Id.* at 262, 101 S.Ct. at 1098–99. The Supreme Court did not decide the equal protection issue, did not discuss appellate jurisdiction, and did not deal with the merits of the petitioners' arguments because of the possibility of a conflict of interest in their representation. *Id.* at 262–63, 101 S.Ct. at 1098–99.

Our court, in *Stine*, recognized that although the *Wood* petitioners had not previously challenged their fines, they did so on appeal, arguing that imprisonment of a probationer solely because of his or her inability to make installment payments on fines is unconstitutional under the Equal Protection Clause. We also recognized that the procedural (i.e. jurisdictional) posture of *Wood* was not addressed by the Supreme Court. We distinguished *Wood* in a number of respects, one of which reasoned that the "issue presented to the [*Wood*] Court for review was whether it was constitutional to *imprison* probationers for inability to pay fines, not whether it was constitutional to fine them in the first instance." *Stine*, 646 F.2d at 847 n. 18 (emphasis in original). Thus, in *Wood*, the defendants challenged the constitutionality of *imprisoning* them for their inability to pay the fines imposed, and although the Supreme Court did not discuss the timing of their appeal in terms of jurisdiction, it is apparent from the Court's analysis that the defendants appropriately invoked appellate jurisdiction to test their imprisonment for an inability to pay their fines.

Here, on the other hand, the challenge that Ofchinick asserts is that the district court, in setting a new probationary condition, improperly calculated the amount of money which would be available to Ofchinick to satisfy his restitution obligation. Thus, Ofchinick is not complaining in the first instance that it is unconstitutional to imprison him for an inability to meet a restitution obligation, but, rather, that the amount of money which he has been directed to pay in restitution has no basis in the evidence presented to the district court. Accordingly, under *Stine*, if Ofchinick failed to object to this newly imposed condition when it was first imposed, as it was on

October 5, 1990, he would have been faced with the same barrier which Stine faced, i.e., that he had waived his right to argue that the $1,000 per month condition was excessive.

Had Ofchinick waited, as the government claims he must, until his probation was revoked and he was incarcerated for violating his probation by failing to pay a monthly installment of $1,000, under *Stine* he would have forfeited his right to argue that the installment payment exceeded his ability to pay and that it violated his First Amendment right to contribute money to his church. Indeed, Ofchinick's position would be analogous to that of a defendant who, as a condition of probation, was required to leave the United States within 45 days. If an immediate appeal of that condition could not be mounted, a later challenge to it, i.e., after departure or deportation, would be meaningless. *See, e.g., United States v. Jalilian*, 896 F.2d 447 (10th Cir.1990).[5]

■ Although, as we have noted, no case to which the government has referred us addresses the issue of "jurisdiction" squarely, we have nevertheless gleaned certain principles from these authorities which bear on our ability to review Ofchinick's present challenges to the district court's $1,000 per month order. First: whether a defendant appeals directly from his or her conviction, sentence and conditions of probation, or whether the defendant appeals from an order issued as a result of a petition for "Probation Action" or from an order revoking probation, if the appeal is taken from the imposition of a new sanction or a new condition of probation, the order is sufficiently "ripe" and "final" for jurisdiction to vest in this court. We deem an order to be ripe for appeal in the present context when a new term or condition of probation or a new sanction is imposed, and failure to timely appeal will result in a waiver. The imposition of such a condition or sanction, if opposed, creates a controversy worthy of adjudication and is of sufficient immediacy to establish ripeness. We regard an order as sufficiently final for appeal in this context when the order terminates action in the court which rendered it and—other than enforcement—ends litigation on the merits of that probation condition.

Second: if a defendant does not timely appeal the new sanction or new condition, he or she will be deemed to have waived the right to appeal. *United States v. Stine*, 646 F.2d at 846–47. Indeed, if Ofchinick had waited until his probation was revoked for failure to satisfy the condition of probation before taking his appeal, the government could have attacked any such challenge to the probationary condition as having been waived.

Third: any challenge to a condition of probation which must await violation of the condition and probation revocation may, by its very nature, become moot or be rendered futile, as in *Jalilian*. 896 F.2d 447.

Applying these precepts to the instant proceeding requires us to reject the government's arguments. We assume that the May 3, 1991 order of the district court determined that Ofchinick had violated his probation by failing to pay the amount of restitution ordered by the court. *See supra* note 2. Indeed, there would be little reason for the probation office to have petitioned for "Probation Action" unless it was seeking a determination of violation, and little reason for the district court to have acted as it did, unless it had found such a violation to have occurred. Nevertheless, no finding of probation violation was made by the district court, so that, even assuming that Ofchinick had not violated his probation—an event which the

---

5. *Jalilian* did not present the jurisdictional problem which we face in Ofchinick's case. However, the circumstances of *Jalilian,* where the Tenth Circuit held that the district court had exceeded its authority under the probation statute when it ordered Jalilian to leave the United States, demonstrates the wisdom of permitting an immediate appeal after the probation condition has been challenged as unconstitutional or invalid.

The illogic of rejecting review at the time when the challenged probationary condition is imposed would have been illustrated even more vividly in Ofchinick's case had the district court imposed a monthly payment obligation of, for example, $500,000 per month until restitution was complete. On the government's reasoning, Ofchinick would have been required to violate his probation and risk incarceration before he could appeal even such an impossible order.

government urges must precede an appeal—we are persuaded that we nonetheless have jurisdiction.

Because Ofchinick obviously could not seek review of his newly imposed probationary condition to pay $1,000 per month *before* that condition was imposed, and under *Stine*, could not have sought review of that condition if he had not timely appealed, we are satisfied that we have jurisdiction to entertain the merits of his appeal.

### IV.

█ Ofchinick argues that, because the payment scheme imposed by the district court, whereby he must pay $1,000 per month in restitution, will preclude him from making his usual payment of $600 per month to the church that he serves as a pastor, it precludes a necessary business expense. Thus, he claims that as a pastor of his church, he must incur the necessary business expense of contributing $600 per month to the church. Moreover, he contends that, by preventing him from making this contribution or payment, the probationary condition imposed by the district court violates his First Amendment right to the Free Exercise of his religious beliefs.

We find no merit in these arguments. The record does not establish that Ofchinick's contribution is an essential business expense rather than an exercise of largess, and Ofchinick has cited no authority for the proposition that the court may not direct him to reorder his priorities as between charitable donations to his church and pay-

ments toward a legally binding order of restitution. Particularly in view of Ofchinick's other somewhat extravagant expenditures,[6] as revealed by the record, *see infra* note 8, we cannot say that the district court abused its discretion in ordering Ofchinick to pay $1,000 per month restitution in discharge of his obligation. *See* Transcript of Hearing of October 5, 1990, at 7–8, 14–17.[7]

Ofchinick also argued that the district court improperly calculated the amount of money available to him to be devoted to restitution and thus abused its discretion in holding that Ofchinick had the ability to pay $1,000 per month. The record here clearly reflects that the district court took into account, as it must, *see Cannistraro*, 871 F.2d at 1214 (citing *United States v. Pollak*, 844 F.2d 145 (3d Cir.1988)), Ofchinick's ability to pay the sum of $1000 per month for restitution.[8]

Ofchinick did not meet his burden of showing, by a preponderance of the evidence, that the balance of his financial means and resources precluded him from making the $1000 per month payments. *See* Transcript of Hearing of October 5, 1990, at 17; 18 U.S.C. § 3664; *Cannistraro*, 871 F.2d at 1214. The district court, therefore, cannot be said to have abused its discretion in setting this amount as Ofchinick's monthly restitution obligation. *Furst*, 918 F.2d at 408.

### V.

Because we find no merit in Ofchinick's challenge to the district court's order, we

---

6. The government at page 25 of its brief notes that in addition to the $600 per month which Ofchinick contributes to his church, Ofchinick made no effort to recover a $25,000 debt owed to him by George and Sue Bennanate, bought a 1990 Corsica ($10,000) for his grandson to drive, spent $300 a month on telephone calls and charged an amount requiring him to pay $1457 per month on his credit cards.

7. We need not reach Ofchinick's argument that the court erred in including his wife's income and expenditures in its payment calculation. As the government points out, Ofchinick did not object to this method of calculation at the hearing below, and, indeed, he appears to have agreed to it. *See* Transcript of Hearing of October 5, 1990, at 4. He has not, therefore, properly preserved the issue for appeal. *Cannistraro*, 871 F.2d at 1214.

8. Mr. and Mrs. Ofchinick have an income of approximately $6,000 per month. Transcript of Hearing of October 5, 1990, at 4. The district court took into account the Ofchinicks' $1,200 per month mortgage payments, *id.* at 5, utility costs of $755 per month, including telephone bills exceeding $300 per month, *id.* at 6, grocery bills approximating $600 per month, *id.*, and various payments to creditors of approximately $2267 per month. *Id.* The district court also considered Ofchinick's monthly donation of $600 per month to his church, a monthly cleaning bill for clothing of $175, and Ofchinick's equity in his home. *Id.* at 7–8, 16. Ofchinick's counsel presented evidence of tax payments and attorneys' fees. *Id.* at 9–10.

will affirm the district court's order of May 3, 1991, requiring payments of $1,000 per month toward Ofchinick's restitution obligation.

SLOVITER, Chief Judge, concurring.

I fully agree with the majority's conclusions that this court has appellate jurisdiction and that the district court's order requiring payments of $1,000 per month toward Ofchinick's restitution obligation should be affirmed. I nonetheless take the unusual step of writing separately because I believe that the majority opinion goes much further than necessary in its discussion of our jurisdiction. Because I believe this dictum may raise some substantial questions in the future about our jurisdiction over appeals when there has been an alleged violation of a condition of probation, I thus write to emphasize what is not before us.

In its discussion of jurisdiction, the majority states that the imposition of a new term or condition of probation is final, that it ends the litigation on the merits of that probation condition, and thus that it is ripe for review by this court. I find this analysis persuasive and conclusive.

Therefore, I see no reason for the majority to reach to discuss an issue that is not before us, *i.e.*, whether Ofchinick would have waived his right to challenge the restitution condition had he not appealed at this time. The majority concludes, by analogy to our opinion in *United States v. Stine*, 646 F.2d 839 (3rd Cir.1981), that Ofchinick would indeed have waived his challenge. In *Stine*, we held that a probationer who was subject to the condition of attendance at psychiatric counseling sessions could not defend revocation of probation for failure to comply on the ground of the unconstitutionality of the condition because he failed to appeal the imposition of the condition. However, we also noted that Stine "neither requested reduction of the sentence by deletion of that condition nor challenged it as illegal before the district court, as he could have under Rule 35 of the Federal Rules of Criminal Procedure." *Id.* at 845.

Thus, in *Stine* we left open the possibility that a probationer who wished to challenge a condition of probation could raise that objection through some post-imposition action in the district court even after the time for appeal had passed from the imposition of probation. Moreover, when the probation condition which is at issue involves payment of restitution, the court cannot revoke probation without inquiring into the reasons for the failure to pay. *See Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 2072–73, 76 L.Ed.2d 221 (1983).

I do not suggest that Stine could necessarily have mounted a later attack on his probation condition even if the circumstances had not changed. However, I believe that the effect of *Bearden* on our earlier opinion in *Stine* is an issue that raises sufficient question that it should be reserved for a case when it is necessary to the decision. Because I believe that this is not such a case, and therefore that nothing that we say on that issue can bind the court, I would reserve discussion on that issue for another day.