16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Gregory MERRITT, Defendant-Appellant.
 No. 93-5980.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1994.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to modify an order revoking probation. He has filed a motion for leave to proceed in forma pauperis on the appeal. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 20, 1987, William Gregory Merritt entered a plea of guilty to charges of bank fraud and embezzlement and was sentenced to three years of imprisonment. The district court ordered Merritt to serve only 90 days of actual incarceration; the balance of the term was suspended for five years of probation, beginning on September 25, 1987. As a special condition of probation, Merritt was ordered to make restitution. Merritt did not appeal his sentence or conviction.
 
 
 3
 On September 25, 1992, Merritt's probation was revoked. He was ordered to serve 22 months of imprisonment and to pay the balance of the restitution.
 
 
 4
 On June 4, 1993, Merritt filed a motion to modify the September 25, 1992, order revoking probation. Merritt maintained that the order to pay restitution was illegal and that the district court failed to ascertain his ability to pay prior to imposition of the restitution order. The district court denied the motion for modification. The district court stated that the "order of September 25, 1992, did nothing more than reflect that the obligation of restitution originally imposed by [the district court] continued."
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion to modify the restitution order.
 
 
 6
 Merritt maintained that the order cannot be a continuation of the original order because that order required restitution as a special condition of probation, which has been revoked. His assertion is unavailing. Restitution for offenses committed after January 1, 1983, and before November 1, 1987, may be imposed pursuant to either of two statutes, the Federal Probation Act (FPA), 18 U.S.C. Sec. 3651, and the Victim and Witness Protection Act (VWPA), 18 U.S.C. Secs. 3579-3589. United States v. Angelica, 859 F.2d 1390, 1392 (9th Cir.1988). Merritt correctly notes that, following revocation of probation, the district court lacked authority under the FPA to impose an obligation to pay restitution. See United States v. Irvin, 820 F.2d 110, 111 (5th Cir.1987). However, Merritt overlooks the district court's authority under the VWPA to order payment of restitution independent of probation. See Angelica, 859 F.2d at 1392-93. Following revocation of probation, the district court is authorized to impose any sentence which might originally have been imposed. See 18 U.S.C. Sec. 3653. Because the district court was authorized to impose restitution under the VWPA when Merritt was first sentenced, the district court was entitled to invoke the VWPA upon revocation of probation.
 
 
 7
 The district court's failure to specify the statutory provision upon which it relied does not aid Merritt's claim. Where there is no indication of the specific statute under which a sentencing judge was proceeding, it is assumed that restitution was ordered pursuant to the VWPA, and not the FPA. United States v. Padgett, 892 F.2d 445, 448 (6th Cir.1989) (per curiam).
 
 
 8
 Merritt maintained that the district court erred by failing to hold an evidentiary hearing regarding his ability to pay restitution. This claim also lacks merit. No evidentiary hearing was required because the imposition of restitution upon revocation of probation simply reflected the obligation to make restitution that was determined when Merritt was first sentenced. A probationer who accepted a condition of probation and did not challenge it through direct appeal or a motion to correct an illegal sentence is foreclosed from challenging the condition in a subsequent attack on the order revoking probation. See Irvin, 820 F.2d at 111; United States v. Stine, 646 F.2d 839, 844-45, 847 (3d Cir.1981). Because Merritt failed to contest the terms of the restitution requirement when it was first imposed, he has waived any subsequent challenge.
 
 
 9
 Finally, to the extent that Merritt opposes the restitution requirement based on an alleged inability to pay, his claim also lacks merit. A defendant's indigence at the time of sentencing is not a bar to an order of restitution. United States v. Purther, 823 F.2d 965, 970 (6th Cir.1987).
 
 
 10
 Accordingly, the motion for leave to proceed in forma pauperis is granted, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.