**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-10836
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY McCULLOUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

( February 15, 1995 )

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Tony R. McCullough pleaded guilty to theft of money from a bank and was sentenced to five years probation, later modified to three years probation. He violated a condition of his probation, causing it to be revoked, and McCullough was sentenced to nine months imprisonment, followed by two years supervised release. McCullough timely appealed this sentence.

McCullough maintains on appeal that the district court erred by imposing a term of supervised release following the period of imprisonment. He contends that a sentence of supervised release is

not available under subchapter A as referred to in 18 U.S.C. § 3565(a)(2).[1]

A sentence imposed after revocation of probation is reviewed *de novo* and will be upheld unless it is in violation of law or is plainly unreasonable.[2]  The government correctly notes that McCullough did not object timely to the imposition of a term of supervised release.  In the absence of a contemporaneous objection, we may correct only errors that are clear or obvious under current law and which affect the defendant's substantial rights.[3]  If these requirements are met, the court has the discretion to grant relief but will do so only when the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[4]

The sentencing court herein did not err.  When a defendant violates a condition of probation, 18 U.S.C. § 3565(a)(2) directs the court to "revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the

---

[1]18 U.S.C. § 3565 provides in pertinent part:

(a) If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . .

(2) revoke the sentence of probation and impose any other sentence that was available under subchapter A [18 U.S.C. §§ 3551 et seq.] at the time of the initial sentencing.

[2]**United States v. Mathena**, 23 F.3d 87 (5th Cir. 1994).

[3]**United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (*en banc*) (citing **United States v. Olano**, _____ U.S. _____, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

[4]**Calverley.**

initial sentencing."  It is abundantly clear that when initially sentenced the controlling statutes made McCullough subject to imprisonment and a term of supervised release.

Further, U.S.S.G. § 7B1.3(g)(1) provides that "[w]here probation is revoked and a term of imprisonment is imposed, the provisions of sections 5D1.1 - 1.3 shall apply to the imposition of a term of supervised release."  Section 5D1.1(a) in turn provides that the court "shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute."  McCullough was sentenced to a term of imprisonment of nine months; therefore section 5D1.1(a) did not mandate the district court to impose a term of supervised release.  Section 5D1.1(b), however, provides that the court "may order a term of supervised release to follow imprisonment in any other case."  Under this section the district court was empowered to impose a term of supervised release.  We therefore hold that the court *a` quo* did not err in imposing the challenged term of supervised release following the period of imprisonment.[5]

AFFIRMED.

---

[5] See also **United States v. Hobbs**, 981 F.2d 1198, 1199 (11th Cir.), cert. denied, 114 S.Ct. 103 (1993) ("District courts are authorized to impose a period of supervised release as a consequence of probation revocation.").