**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy James WOLFE, Defendant–
Appellant.**

No. 00–3698.

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

This pro se federal prisoner appeals a judgment denying his post-judgment motion to modify an order of restitution in a criminal conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Timothy J. Wolfe pleaded guilty to bank robbery by force or violence in violation of 18 U.S.C. § 2113. The district

court sentenced Wolfe to 151 months of imprisonment and ordered him to pay a total of $4,240 in restitution. Thereafter, the district court amended the judgment of conviction and sentence so as to clarify the method of repayment. Wolfe did not appeal his judgment of conviction and sentence.

In April 2000, Wolfe moved the district court to amend and/or modify the restitution payments. Wolfe asserted that his familial financial obligations made the restitution schedule overly burdensome. The district court denied that motion. Wolfe appeals that judgment.

On appeal, Wolfe argues that: 1) the district court improperly amended the original judgment and commitment order; and 2) he was coercively enrolled in the Inmate Financial Responsibility Program (IFRP).

■ Initially, we note that Wolfe did not assert in the district court any issue regarding the propriety of the district court's amended judgment or his enrollment in the IFRP. Rather, Wolfe merely argued that he only has $13.29 to contribute to his son's medical expenses after the restitution payment and his telephone charges are deducted from his prison salary. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case.

■ This court reviews the district court's judgment denying a motion to modify a restitution order for abuse of discretion. *See United States v. Blanchard*, 9 F.3d 22, 24 (6th Cir.1993).

Upon review, we conclude that the district court did not abuse its discretion by denying the motion to modify the restitu-

tion order. Wolfe may not now challenge the restitution requirement because he did not contest the terms of the restitution when restitution was first imposed. *See United States v. Irvin*, 820 F.2d 110, 111 (5th Cir.1987); *United States v. Stine*, 646 F.2d 839, 844–45 (3d Cir.1981).

■ To the extent that Wolfe opposes the restitution requirement based on an alleged inability to pay, his claim also lacks merit. A defendant's indigence at the time of sentencing is not a bar to an order of restitution. *See United States v. Purther*, 823 F.2d 965, 970 (6th Cir.1987). A fortiori, a prisoner's indigence during the term of his imprisonment is not a bar to enforcing an order of restitution.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.