# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

MOHAMMAD RIAZ,
　　　　　*Defendant-Appellant.*

No. 02-4405

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-46)

Submitted: September 20, 2002

Decided: October 7, 2002

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mohammad Riaz pled guilty to bank fraud, in violation of 18 U.S.C. § 1344(1) (2000). He was sentenced to thirteen months' imprisonment and a five-year term of supervised release. Restitution was also ordered. Riaz began his term of supervised release on January 8, 1999. While on supervised release, Riaz failed to pay restitution as directed by the probation officer, failed to submit truthful and complete written monthly reports, failed to submit timely monthly reports to the probation officer, and failed to answer truthfully inquiries by the probation officer. The district court revoked Riaz's supervised release and sentenced Riaz to nine months' imprisonment, followed by a term of fifty-one months' supervised release.

Riaz's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing the district court abused its discretion by revoking Riaz's supervised release and sentencing Riaz to nine months' imprisonment, but stating that, in his opinion, there were no meritorious issues. Riaz submitted a pro se supplemental brief arguing the same issue and additionally claiming the revocation of his supervised release violated his rights to due process.

This Court reviews for abuse of discretion the district court's decision to revoke a defendant's supervised release and impose a sentence after revocation. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Riaz admitted to conduct constituting Grade C violations, and the district court so found. We have reviewed the record and Riaz's arguments concerning his financial condition and other mitigating circumstances. We find the district court did not abuse its discretion in revoking Riaz's term of supervised release and imposing a sentence of imprisonment.

In his pro se supplemental brief, Riaz claims his probation officer set a schedule of payments for his restitution, in violation of *United*

*States v. Johnson*, 48 F.3d 806 (4th Cir. 1995). Riaz's attempt to challenge his original judgment is not cognizable as a basis for challenging the revocation of Riaz's supervised release. *See United States v. Almand*, 992 F.2d 316, 317-18 (11th Cir. 1993); *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987). Riaz challenges the factual basis to the violation alleging he provided false information to the probation officer; however the record supports that finding. We have reviewed the remainder of Riaz's arguments and find they are without merit.

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*