United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-50838
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YVETTE MENDEZ-GUZMAN,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-501-1-FB

---

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Yvette Mendez-Guzman ("Guzman") appeals the district court's
sentence imposed after revocation of her probation. Guzman pleaded
guilty in 2001 to bank fraud in violation of 18 U.S.C. § 1344 and
was placed on Five years' probation. She pleaded no contest to
violating her probation and the district court sentenced her to
thirty-two months' imprisonment.

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guzman argues that her sentence was plainly unreasonable because the district court based the sentence on a mistaken recollection of the original sentencing hearing rather than on the factors outlined in 18 U.S.C. § 3553(a). Because Guzman did not object to her sentence in the district court, our review is for plain error. *United States v. McCullough*, 46 F.3d 400, 401 (5th Cir. 1995); *see United States v. Olano*, 507 U.S. 725, 731–37 (1993).

The district court clearly admonished Guzman several times during the original sentencing hearing that she would face significant prison time if she violated the terms of probation. And at her revocation hearing a year later, the same district court judge not only reminded Guzman of that earlier admonishment, but also considered explicitly at least some of the sentencing factors set out in section 3553(a). Thus, the district court noted Guzman's need for vocational training, and psychological and financial counseling, *see, e.g.,* 18 U.S.C. § 3553(a)(2)(D) (requiring the court to consider the defendant's need for "educational or vocational training, medical care, or other correctional treatment"), and concluded, given those needs and her pattern of continuing violations, that a "halfway house is not an option anymore." *See, e.g., id.* (requiring the district court to consider alternative available sentences). Moreover, the district court's written order revoking probation and resentencing Guzman

2

states that the court had given "due consideration to the . . . statutory sentencing factors and pertinent policy statements." The record does not show that the court did not consider those matters.

Based on our review of the record, therefore, we conclude that the district court both explicitly and implicitly considered the sentencing factors in 18 U.S.C. § 3553(a).  *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001); *United States v. Pena*, 125 F.3d 285, 287 (5th Cir. 1997); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).  Moreover, we note that there is no indication that the district court would likely impose any different sentence were we to remand for resentencing.  *See United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (finding no plain error where the district court could reimpose an identical sentence).  Accordingly, Guzman has failed to demonstrate plain error in the district court's sentence.

AFFIRMED.