# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH RUSSELL JUDD,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:98-CR-93

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Keith Russell Judd, federal prisoner # 11593-051, was convicted of two counts of mailing threatening communications in violation of 18 U.S.C. § 876. In 1999, he was sentenced to 210 months in prison on each count, with the terms to be served concurrently. He was also sentenced to concurrent three-year terms of supervised release. Judd began his supervised release on June 24, 2013. On October 11, 2013, the Probation Office sought a warrant for Judd

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he violated the terms of his supervision.   The district court subsequently revoked Judd's supervision finding that he had violated the terms of his release, notably, contacting the victim of his underlying threats convictions.  The district court imposed a sentence of 12 months in prison to be followed by 24 months of supervised release.

On appeal, Judd makes no direct challenge to the district court's revocation of his supervised release or the sentence imposed on revocation.  He argues that the district court was without jurisdiction to conduct the proceedings because the district court was without jurisdiction to convict him. We will not consider this argument because a defendant may not challenge the validity of his underlying sentence of supervised release on appeal from the revocation of supervised release.  *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009); *United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005).

Judd also argues that he was denied his right to represent himself in the revocation proceedings.  This argument is mistaken because the record shows that Judd assented, in open court, to proceeding with representation by counsel.  The issue is without merit, therefore, because it lacks basis in fact. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Judd has shown no reversible error in the district court's revocation of his supervised release or the sentence imposed on revocation.  The judgment of the district court is AFFIRMED.  His outstanding motions, including his amended motion for release pending appeal, are DENIED.