# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10409

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2016

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

TODERICK L. JONES,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-77-1

Before CLEMENT and HAYNES, Circuit Judges, and GARCIA MARMOLEJO, District Court Judge.[*]

PER CURIAM:[**]

Toderick Jones worked at the post office. He stole a letter containing a credit card and later pleaded guilty to one count of mail theft by a postal employee in violation of 18 U.S.C. § 1709. The district court sentenced Jones to 24 months of probation on September 10, 2012. Jones failed to comply with

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10409

the terms of his probation,[1] and the district court issued a warrant for his arrest on August 4, 2014, resulting in Jones's detention and remand to custody on September 4, 2014. The district court held a probation revocation hearing on September 29, 2014. At the end of the hearing, the district court extended Jones's probation period for six more months, starting that day. Jones did not object at the hearing and did not appeal the district court's order.

Jones continued to violate the terms of his probation and another arrest warrant was issued on March 26, 2015. The district court held a second probation revocation hearing on April 27, 2015. At the end of the hearing, the district court revoked Jones's probation and sentenced him to four months in prison followed by one year of supervised release. Jones now appeals under 18 U.S.C. § 3742(a).

## I.

We review the district court's jurisdiction to revoke a defendant's probation de novo. *See United States v. Garcia-Avalino*, 444 F.3d 444, 445 (5th Cir. 2006). "A sentence imposed after revocation of probation is reviewed *de novo* and will be upheld unless it is in violation of law or is plainly unreasonable." *United States v. McCullough*, 46 F.3d 400, 401 (5th Cir. 1995).

## II.

Jones does not directly challenge the April 2015 revocation or the sentence imposed. Instead, Jones asserts that the district court was without jurisdiction to extend his probation period at the *first* revocation hearing.[2] As a result, Jones claims that his probation period ended in September 2014 and that the district court's April 2015 revocation hearing was therefore invalid.

---

[1] Specifically, Jones failed to report to his probation officer as required and failed to make timely restitution payments to his victims.

[2] Jones's general contention is that 18 U.S.C. § 3565(c) authorizes a court to revoke probation and to impose another sentence but does not authorize the court to extend a term of probation.

It is well-established that a defendant may not use the appeal of a probation revocation hearing to challenge the validity of an underlying sentence or earlier term of probation. *See United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005); *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987); *see also United States v. Steiner*, 239 F.2d 660, 661 (7th Cir. 1957) (holding that defendant who failed to challenge the conditions of his probation on direct appeal was foreclosed from challenging them on a subsequent appeal from an order revoking probation). Jones attempts to circumvent this rule by relying on this court's opinion in *United States v. Teran*, 98 F.3d 831, 833 n.1 (5th Cir. 1996), where we left open the question of whether a defendant could challenge a probation revocation proceeding based on "the competency" of the court to hear the original case.[3]

Even assuming, *arguendo,* that we would be willing to consider an argument based on an underlying jurisdictional challenge, it is indisputable that the district court was competent to conduct the first revocation hearing. Although Jones's original term of probation was set to expire on September 10, 2014, "[t]he *power* of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation . . . if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3565(c) (emphasis added). Here, the district court issued a warrant for Jones's arrest on August 4, 2014, prior to the expiration of his original probation term, for probation violations. Therefore, the district court had the

---

[3] *But see United States v. Judd*, 583 F. App'x 433 (5th Cir. 2014) (per curiam) (unpublished) ("[Defendant] argues that the district court was without jurisdiction to conduct the [revocation hearing] because the district court was without jurisdiction to convict him. We will not consider this argument because a defendant may not challenge the validity of his underlying sentence of supervised release on appeal from the revocation of supervised release.").

No. 15-10409

*power*, i.e., the jurisdiction to conduct the probation revocation hearing on September 29, 2014. *See United States v. Naranjo*, 259 F.3d 379, 383 (5th Cir. 2001); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[J]urisdiction means . . . the courts' statutory or constitutional *power* to adjudicate the case.") (emphasis in original) (internal quotation marks omitted). Any attack on the validity of the sentence or conditions imposed at that hearing must be raised on direct appeal or collaterally under 28 U.S.C. § 2255. *See United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975).[4]

## III.

Because Jones may not use his appeal of the second revocation hearing to challenge the term of probation imposed in the first revocation hearing, the judgment of the district court is AFFIRMED.

---

[4] *See also United States v. Castro-Verdugo*, 750 F.3d 1065, 1069 (9th Cir. 2014) (rejecting defendant's jurisdictional challenge to revocation hearing where underlying term of probation was invalid, because attack on the validity of a sentence "must be done in a § 2255 petition, not in a probation revocation proceeding").