**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50037

United States of America,

Plaintiff-Appellee,

VERSUS

Antonio A. Teran,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

October 18, 1996

Before SMITH and PARKER, Circuit Judges, and JUSTICE,[*] District Judge.

PARKER, Circuit Judge:

Antonio A. Teran ("Teran") has brought this appeal of his probation revocation contending that the magistrate judge did not have jurisdiction over the underlying crime for which he was convicted and sentenced to probation. He bases his argument on his characterization of his conviction as being for a felony, as

_____

[*] District Judge of the Eastern District of Texas, sitting by designation.

opposed to a misdemeanor. Teran also contends that the original conviction and subsequent probation revocation are void because the case was not prosecuted by indictment as is required in felony cases. In addition, Teran argues that the revoking court had an insufficient evidentiary basis for revoking Teran's probation and also failed to consider the statutorily-required factors involved in revocation and sentencing, rendering invalid the sentence imposed upon revocation. We find that the magistrate judge had proper jurisdiction over the underlying offense, and AFFIRM the probation revocation and sentence.

## FACTUAL AND PROCEDURAL HISTORY

In 1993, the defendant was charged by information with driving while intoxicated ("DWI") on a military base in violation of the Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, incorporating Tex. Rev. Stat. Ann. art. 6701L-1 (repealed) (West 1992 & Supp. 1996). Teran waived his right to proceed before the district court and consented to proceeding before a magistrate judge. Teran pleaded guilty before a magistrate judge in a combined guilty plea and sentencing hearing.

Under the Texas DWI statute, the DWI offense was classified as a misdemeanor that carried a maximum penalty of two years imprisonment. At the hearing, the magistrate judge stated that the maximum penalty for Teran's offense was a one-year term of imprisonment and/or a $2000 fine. Teran acknowledged his

2

understanding of the maximum penalty for the offense. The magistrate judge sentenced Teran to a two-year period of supervised probation, a $200 fine, and a special assessment of $25.

In September of 1995, the Government moved to revoke Teran's probation pursuant to Fed. R. Crim. P. 32.1 and 18 U.S.C. § 3565(a)(2), alleging that Teran had committed a second, state DWI offense in 1994 and had also failed to report his arrest to his probation officer, thereby violating the conditions of his probation that he obey the law, refrain from excessive alcohol consumption, and follow the instructions of his probation officer.

Following an evidentiary hearing before the magistrate judge, the judge revoked Teran's probation and sentenced him to a six-month period of incarceration. The magistrate judge determined that the Government had proved by a preponderance of the evidence that Teran committed the 1994 state DWI offense and that such a probation violation warranted incarceration. In state criminal court, a jury later acquitted Teran of the 1994 state DWI offense.

Upon appeal, the district court affirmed the revocation and sentencing, as well as the magistrate judge's jurisdiction over the underlying offense, and Teran now appeals that judgment to this court.

### DISCUSSION

#### A. Felony or Misdemeanor?

Teran challenges the magistrate judge's subject matter

jurisdiction over his underlying conviction on the basis that his DWI offense, assimilated into federal criminal law from Texas criminal law, should be classified as a felony and not as a misdemeanor.[1] The issue of a lower court's subject matter jurisdiction is reviewed *de novo*. *In re United States Abatement Corp.*, 39 F.3d 563, 566 (5th Cir. 1994).

The issue under contention arises because when state law offenses are imported into federal law through the ACA, they carry punishment ranges sometimes at odds with the federal law's classification of offenses as either misdemeanors or felonies. The characterization of such offenses becomes potentially problematic when such offenses come before a magistrate judge, who does not have jurisdiction over felonies, but over misdemeanors. *See* 18 U.S.C. § 3401. Federal law defines a misdemeanor as any offense

---

[1] The Government contends that the issue of the magistrate judge's subject matter jurisdiction over the underlying conviction cannot be raised in the context of an appeal of a probation revocation, but must be attacked in a 28 U.S.C. § 2255 proceeding. This Court has previously addressed a seemingly comparable problem in *United States v. Francischine*, in which we decided that the validity of an underlying conviction cannot be challenged in a probation revocation proceeding, but must be collaterally attacked in a § 2255 proceeding. 512 F.2d 827 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S. Ct. 284, 46 L. Ed. 2d 261 (1975). However, that decision addressed the appropriateness of a § 2255 proceeding for reasons other than jurisdiction. *Id.* at 828-29. The question to be examined in *Francischine* regarding the validity of the underlying conviction did not require a revoking court to examine the competency of the convicting court to hear the original case. A thorough search does not reveal a decision in any circuit holding that the jurisdiction issue must be brought in a § 2255 proceeding. We decline to address this issue and assume for purposes of this case that the appellant is not barred from raising the issue of jurisdiction. The appellant loses either because his collateral attack lacks merit or because he should attack the jurisdiction in a different proceeding.

other than one "punishable by death or imprisonment for a term exceeding one year." *See* 18 U.S.C. § 1. In this case, state law provides a range of punishment for the state DWI offense of up to two years imprisonment. *See* Tex. Rev. Stat. Ann. art. 6701L-1 (repealed) (West 1992 & Supp. 1996). As the Government conceded in its brief, Teran's offense is a "two-year misdemeanor--a contradiction in terms under the classification system for federal offenses."

The purpose of the Assimilated Crimes Act ("ACA") is to provide a set of criminal laws for federal enclaves by using the criminal law of the local state to fill in the gaps in federal criminal law. *United States v. Brown*, 608 F.2d 551, 553 (5th Cir. 1979). The ACA provides that an offender "shall be guilty of a like offense and subject to a like punishment" as under state law. 18 U.S.C. § 13(a).

The appellant argues that state law fixes the range of punishment under the ACA and that the state law's punishment range for this offense causes the offense to be a felony, over which the magistrate judge lacked jurisdiction. The defendant also argues that to treat the offense otherwise would be to expand impermissibly the magistrate judge's jurisdiction, when Congress has carefully limited their jurisdiction. The Government contends that the Act's like punishment clause requires only analogous, and not identical, penalties. This Circuit has already decided how to

5

apply the state law's punishment ranges for crimes incorporated into federal law under the ACA.  State law provides the range of punishment, but in areas left to the discretion of a state judge, the federal sentencing guidelines are to be used.  *United States v. Marmolejo*, 915 F.2d 981, 984 (5th Cir. 1990).

While it is clear that the sentencing judge's discretion in imposing a sentence under the ACA is to be guided by the federal sentencing guidelines and not by any direction from the state, the issue here is whether the ACA requires that the maximum punishment range under state law be assimilated.  In situations where incorporation of state law through the ACA results in provisions that conflict with federal policy, federal courts have declined to adopt fully state law provisions.  As this Court previously stated in reviewing litigation concerning the ACA, "federal courts have consistently declined to assimilate provisions of state law through the ACA if the state law provision would conflict with federal policy."  *United States v. Davis*, 845 F.2d 94, 99 (5th Cir. 1988) (citing *United States v. Pinto*, 755 F.2d 150, 154 (10th Cir. 1985); *United States v. Vaughn*, 682 F.2d 290, 294-95 (2d Cir.), *cert. denied*, 459 U.S. 946, 103 S. Ct. 261, 74 L. Ed. 2d 203 (1982); *United States v. Smith*, 574 F.2d 988, 992-93 (9th Cir.), *cert. denied*, 439 U.S. 852, 99 S. Ct. 158, 58 L. Ed. 2d 156 (1978); *United States v. Kendrick*, 636 F. Supp. 189 (E.D.N.C. 1986)).

In *United States v. Kelly*, the Fourth Circuit faced the same

6

jurisdictional question posed by this case. 989 F.2d 162 (4th Cir.), *cert. denied*, 510 U.S. 854, 114 S. Ct. 158, 126 L. Ed. 2d 119 (1993). The defendant there, as here, was convicted before a magistrate judge of a misdemeanor under state law, adopted into federal law under the ACA, that carried a maximum state sentence in excess of one year (eighteen months). The defendant there also appealed on the basis that the magistrate judge lacked jurisdiction, arguing that the ACA does not allow "selective assimilation," that is, that the ACA's like punishment clause does not permit the assimilation of a state crime without assimilating all of the maximum punishment provided for that crime by state law. The Fourth Circuit affirmed the conviction, relying on the established exception to the ACA's general policy against selective incorporation of state criminal law in situations where state law provisions would conflict with federal policy. *Kelly*, 989 F.2d at 164.

While the Fifth Circuit has not specifically addressed the jurisdiction of magistrate judges under the ACA in the discussed scenario, we have held that the ACA's presumption against selective assimilation is subject to the exception permitting federal courts to decline full assimilation of state law on the basis of conflict with federal policy. In *United States v. Davis*, we relied on the principle that "state laws should be assimilated through the ACA in light of federal policy concerns," in holding that federal fine

7

assessment provisions should apply despite their conflict with state assessment provisions. 845 F.2d 94, 99 (5th Cir. 1988). The term "like" in the like punishment clause was interpreted to require punishment <u>similar</u> to that under state law. *Id.* The same principle supports an assimilation of state law punishment ranges in light of the federal policy of reliance on magistrate judges. The Fourth Circuit aptly articulated such a federal policy basis as relating to "the need to promote the efficiency of our federal criminal process by permitting offenses of the type herein involved to be tried by a Magistrate Judge and by not requiring all such offenses to be tried before a federal District Judge. The need in that regard underlies the Congressional determination to confer certain jurisdiction upon Magistrate Judges and speaks for itself." *Kelly*, 989 F.2d at 164.

Conflict between federal sentencing policy and state sentencing law has also been found to be a valid basis for exceptions to full assimilation of state law. In *Pinto*, *Vaughn* and *Smith*, *supra*, the courts each rejected state provisions requiring minimum incarceration prior to any parole, reasoning that the state minimum-confinement provision conflicted with federal policy. See also *United States v. Pierce*, 75 F.3d 173 (4th Cir. 1996) (affirming imposition of supervised release for a term beyond the maximum time allowed by state law for incarceration)*; United States v. Reyes*, 48 F.3d 435 (9th Cir. 1995) (affirming supervised

release, an option unavailable under state law).

Federal law defines misdemeanor and felony according to the punishment carried by the offense. *See* 18 U.S.C. § 1. In this case, the magistrate judge specifically stated prior to sentencing that the maximum sentence that he could impose was one year of imprisonment, a period of time falling within his jurisdiction. A maximum of one-year imprisonment was not a punishment range that was violative of the ACA's "like" punishment clause. On the basis of the state punishment range's conflict with federal policy, an exception to the ACA's customary full assimilation of state law is permitted. The magistrate judge properly had jurisdiction over Teran's conviction.

### B. Information versus Indictment

Teran argues that the convicting court's failure to obtain an explicit waiver of indictment deprived the court of jurisdiction to accept his guilty plea. In the absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the jurisdiction of the convicting court. *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994). Because it implicates jurisdiction, whether an indictment was required is a question that this Court reviews *de novo*. See *United States v. Gaudet*, 81 F.3d 585, 589 n.4 (5th Cir. 1996).

Appellant's argument fails. If the offense for which Teran was convicted was a felony, then an indictment or a waiver of an

indictment would have indeed been required. *See* Fed. R. Crim. P. 7(b). However, since the offense was a misdemeanor, the conviction could proceed by information as it did.

## C. Sufficiency of the Evidence for Revocation

Teran contends that the evidence was insufficient to find that he had been driving while intoxicated in violation of the conditions of his probation and points to the fact that a jury acquitted him of his 1994 state DWI charge. To obtain reversal of a revocation order on the basis of evidentiary insufficiency, an appellant must show clearly that the revoking court abused its discretion. *United States v. King*, 990 F.2d 190, 193 (5th Cir.), *cert. denied*, 510 U.S. 881, 114 S. Ct. 223, 126 L. Ed. 2d 179 (1993).

The revoking court must base a finding of a probation violation on a preponderance of the evidence. *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995), *cert. denied*, -- U.S.--, 116 S. Ct. 1031, 134 L. Ed. 2d 108 (1996), *clarified by*, 77 F.3d 811 (5th Cir. 1996). A review of the evidence demonstrates that the revoking court properly found that it was more likely than not that Teran committed the 1994 state DWI offense while on probation. At the revocation hearing, he admitted to consuming three beers a few hours before driving. There was testimony that his breath smelled of alcohol, that he performed poorly on field sobriety tests, and that he declined to take a breathalyser test.

10

The revoking court did not believe Teran's explanations of innocence and explicitly stated, "his testimony lacked credibility." Regardless of his acquittal by a jury, the revoking court had a preponderance of evidence before it to support the finding of this probation violation.

D. Consideration of Statutorily-Required Factors

Teran argues that the magistrate judge did not properly consider the factors set forth in 18 U.S.C. § 3553(a) in revoking probation and imposing a sentence of incarceration. We will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable. *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994). Because there are no applicable guidelines for sentencing after revocation of probation, *see* U.S.S.G. Ch.7, Pt.A.1 ("At this time, the Commission has chosen to promulgate policy statements only."), we will uphold Teran's revocation and sentence unless it is in violation of law or is plainly unreasonable. See *Mathena*, 23 F.3d at 89. In making those determinations, we review the lower court's compliance with sentencing statutes *de novo*. *Id.*

After finding that a defendant has violated a condition of probation, a court must consider the factors listed in 18 U.S.C. §

11

3553(a) in deciding whether to revoke probation and in determining the particular sentence to be imposed. 18 U.S.C. § 3565(a). Section 3553(a) enumerates the following factors: (1) the nature and circumstance of the offense, and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the crime, provide adequate deterrence, protect the public from the defendant, and provide effective correctional treatment; (3) the kinds of sentences available; (4) the types of sentences and the sentencing range established for the offense; and (5) applicable policy statements. 18 U.S.C. § 3553(a). Teran argues that the record does not reflect a consideration of the factors by the magistrate judge. He argues that consideration of the factors might have produced a lesser sentence, or an alternative punishment to his sentence of confinement.

Implicit consideration of the § 3553 factors is sufficient. See *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). The revoking court provided an explicit explanation for imposing prison time at the revocation and sentencing hearing, pointing out the severe risks and consequences of driving while intoxicated. Also, the court listened to arguments for prison alternatives and then responded and rejected such alternatives. The court evidenced its consideration of the sentencing guidelines' policy statements in imposing a six-month sentence of incarceration from the

12

sentencing guidelines' range of three to nine months. In its denial of Teran's motion for release pending appeal, the revoking court explicitly stated that it considered all of the factors at the time of revocation and sentencing.

The magistrate judge did much more than implicitly consider the § 3553 factors and the appellant's argument on this issue fails.

## CONCLUSION

For the foregoing reasons, we AFFIRM the lower court's probation revocation and sentence.