**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-40697
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO CORTES-ZUNIGA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-96-CR-108-1

April 27, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Cortes-Zuniga appeals the district court's judgment revoking his probation. Cortes-Zuniga argues that the district court's revocation of his probation violated his Fifth Amendment right to due process, his Sixth Amendment right of confrontation, and was not supported by sufficient evidence.

This court reviews the sufficiency of the evidence supporting a district court's decision to revoke probation for abuse of discretion. _United States v. Teran_, 98 F.3d 831, 836 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996).  The district court must find a probation violation based on a preponderance of the evidence.  *Id.*  Constitutional challenges are reviewed de novo.  *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

There was no evidence introduced at the revocation hearing. The probation officer did not testify.  The laboratory report of the breathalyser test was not introduced into evidence.  In short, there was no evidence at all introduced at the revocation hearing to prove the allegations of probation violations in the petition. Cortes-Zuniga did not admit to any of the allegations but pleaded not true.  The district court did not conduct an inquiry into the existence of good cause which would abrogate Cortes-Zuniga's right to confrontation.  Cortes-Zuniga's probation was revoked solely on the allegations in the petition.

We hold that there was insufficient evidence of a probation violation and that Cortes-Zuniga's due process and confrontation rights were violated.  The district court's judgment revoking Cortes-Zuniga's probation and imposing a nine-month sentence is REVERSED, and this case is REMANDED for a new revocation hearing. We do not address Cortes-Zuniga's sentencing issues, and we DENY AS MOOT the government's motion to supplement the record.

REVERSED AND REMANDED.