# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-50236

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE LEE McNEW,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
(W-98-CR-006)

---

December 14, 1999

Before POLITZ, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Lonnie Lee McNew appeals a district court judgment revoking his probation and imposing a three-year prison sentence followed by three years of supervised release. For the reasons assigned, we affirm.

## BACKGROUND

In 1997, McNew pleaded guilty to mail fraud and aiding and abetting and was sentenced to five years of probation. As a condition of his probation, McNew was required, *inter alia*, to answer truthfully all inquiries from his probation officer. In late 1998, McNew informed his probation officer that he was working for Rich

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wilcox, and the probation officer contacted Wilcox to verify the information. Wilcox informed the probation officer that he was paying McNew to train horses. Subsequently, McNew contacted Wilcox and told him that he could not disclose any income because he was drawing disability payments from Social Security. McNew asked Wilcox to tell the probation officer that he was not paying McNew any money. Wilcox complied and repeated this false information to the officer.

In January 1999, the government filed a motion to revoke McNew's probation, alleging five violations.[1] McNew denied allegations 1, 3, 4, and 5, but he pleaded true to allegation 2 (that he encouraged Wilcox to lie to his probation officer). The government dismissed allegations 1, 3, 4, and 5, opting to proceed with only allegation 2. After a probation hearing in March 1999, the district court found McNew guilty of allegation 2, revoked McNew's probation, and sentenced him to three years of imprisonment, followed by three years of supervised release. McNew timely appeals.

## ANALYSIS

There are no Sentencing Guidelines applicable to a sentence following the revocation of probation. Rather, policy statements exist that should be considered by a district court when re-sentencing a defendant after his probation has been revoked. A sentence imposed after a revocation of probation will be upheld unless

---

[1]Allegations 1, 3, 4, and 5 concerned McNew's alleged involvement with horse theft and falsification of breeding certificates. Allegation 2 concerned McNew's instructions to Wilcox to lie to his probation officer.

it is in violation of law or is plainly unreasonable.[2] The district court's compliance with the sentencing statutes is reviewed *de novo*.[3]

On appeal, McNew raises two challenges to the sentence imposed by the district court. He contends that the district court violated the law by failing to consider properly certain factors in 18 U.S.C. § 3553(a) when it imposed the sentence. McNew also complains that the sentence was plainly unreasonable.

We first conclude and hold that the district court did not violate the law when it imposed McNew's sentence after revoking his parole. Under 18 U.S.C. § 3565(a), the district court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, when issuing a sentence following the revocation of probation.[4] Among the factors to consider are the applicable non-binding policy statements listed in Chapter 7 of the Sentencing Guidelines. Consideration of these factors may be explicit or implicit.[5]

McNew's probation violation falls within Grade C. Accordingly, the district court had the option of revoking his probation or extending the term of his

---

[2]**United States v. Teran**, 98 F.3d 831 (5th Cir. 1996).

[3]**Id.**

[4]These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the crime, provide adequate deterrence, protect the public from the defendant, and provide effective correctional treatment; (3) the different kinds of sentences available; (4) the types of sentences and the sentencing range for the offense; and (5) the applicable non-binding policy statements listed in Chapter 7 of the Sentencing Guidelines. 18 U.S.C. § 3553(a).

[5]**Teran**, 98 F.3d at 836; **United States v. Pena**, 125 F.3d 285 (5th Cir. 1997), *cert. denied*, __ U.S. __, 118 S.Ct. 1527 (1998) (district court sentenced defendant to two-years imprisonment and implicitly considered the recommended Guidelines range of three to nine months).

probation and/or modifying the conditions of supervision. The district court chose the latter option. Based upon McNew's category I criminal history, the Guidelines policy statement's recommended range of imprisonment was three to nine months. McNew contends that the district court violated the law when it sentenced him to a three-year term of imprisonment because the court did not explicitly or implicitly consider the policy statements when it sentenced him. We are not persuaded.

Although the district court did not explicitly express its reference to the § 3553 factors, or the policy statement's recommended sentence range, we conclude that the court implicitly took them into consideration. After the trial court found McNew guilty of allegation 2, McNew's attorney informed the court that McNew's probation violation was Grade C with a recommended Guideline range of three to nine months, if the court chose to impose a prison term. The attorney also requested that McNew be released on probation and that modifications be made to the terms of probation. The court responded, "[a]ll right sir." In its written judgment, the district court stated, "the Court, having heard said motion and having considered same, is of the opinion that said defendant has violated the provisions of his probation and that the ends of justice and the best interests of the public and of the defendant will not be subserved by continuing said defendant upon probation." In our opinion, the record shows that the recommended range of three to nine months was brought to the district court's attention by defense counsel and was implicitly taken into consideration by the court when it responded to counsel's comments. Further, we hold that the trial court implicitly considered the § 3553(a)

4

factors and the recommended range when it issued its written judgment.[6] Because the recommended range of three to nine months was not binding on the district court and the court implicitly considered the recommendation, we conclude that the court did not violate the law when it sentenced McNew.

We next conclude that the sentence imposed by the district court was not plainly unreasonable. The statutory maximum sentence for the offense to which McNew originally pled guilty was five years.[7] We previously have held that a defendant's sentence upon revocation was not plainly unreasonable – even though it exceeded the range recommended by the Guidelines policy statement – when there were no applicable Sentencing Guidelines and when the sentence imposed was within the statutory maximum.[8] Applying this rationale to the case at bar, it appears that McNew's three-year sentence is not plainly unreasonable, even though it exceeds the policy statement range, because it falls well-within the statutory maximum of five years.

Because the sentence imposed by the district court was neither illegal nor plainly unreasonable, we affirm the sentence of three years imprisonment and three

---

[6]**See United States v. Richardson**, 87 F.3d 706 (5th Cir. 1996). In **Richardson**, the district court stated, "I believe a sentence of 60 months does adequately address the sentencing objectives of punishment and deterrence." We concluded that this statement implied a general consideration by the trial court of several of the § 3553(a) factors. We also stated that the remark was not so lacking in detail as to demonstrate that the court disregarded the factors in violation of the law. In the case at bar, we similarly conclude that the court properly weighed several of the § 3553(a) factors when it commented on serving the ends of justice and the best interests of the public and the defendant.

[7]18 U.S.C. § 1341.

[8]**Pena**, 125 F.3d at 288.

years of supervised release.

The judgment appealed is AFFIRMED.