**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-11239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CARL GILL,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(5:96-CR-32-1-C)

August 10, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Carl Gill appeals the sentence following revocation of his probation. We affirm in part, vacate in part and remand.

**FACTS AND PROCEDURAL HISTORY**

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Carl Gill pleaded guilty to two counts of interstate transportation of child pornography and was placed on probation for five years. Gill's probation was subject to standard and special conditions, including the condition that he participate in mental health treatment services, as directed by the probation officer, and that he contribute to the cost of treatment as determined by the probation officer. In September 2000, the Government moved to revoke Gill's probation, contending that he had violated the conditions of probation by committing theft, by lying to his probation officer and by failing to report to his probation officer that he had been terminated from his job and had secured a new job. The district court revoked Gill's probation and sentenced him to 18-month concurrent prison terms and three years' supervised release, stating orally in court the term of supervised release would include standard and special conditions, but did not specify any special conditions to be imposed.

**ANALYSIS**

**a. Length of Imprisonment**

Gill contends that the district court reversibly erred by imposing concurrent 18-month sentences of incarceration, which is twice as long as the sentence recommended by U.S.S.G. § 7B1.4. We will uphold a sentence following a probation revocation unless it is in violation of law or is plainly unreasonable. *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). The trial court's

2

compliance with sentencing statutes is reviewed *de novo*. *Id.*

There are no applicable guidelines for sentencing after revocation of probation. *See* U.S.S.G. Ch. 7, Pt.A.1 ("At this time, the Commission has chosen to promulgate policy statements only."). Though the district court need not follow the policy statements in U.S.S.G. § 7B1.4, it must at least implicitly consider them and the sentencing factors set forth at 18 U.S.C. § 3553(a). *Teran*, 98 F.3d at 836. Based on our review of the record, we conclude that the district court implicitly considered the factors set forth in § 3553(a) in imposing Gill's probation-revocation sentences. Given that the sentences were within the statutory maximum of the original offense to which Gill pleaded guilty and there are no applicable Guidelines, Gill's sentences were not plainly unreasonable. *Id.* We find no merit in Gill's challenge to the length of his sentences of incarceration.

**b. Conditions of Supervised Release**

Gill argues on appeal that the special conditions imposed by the district court violated his due process rights because he was not given notice and opportunity to challenge their appropriateness.

The district court's written judgment, entered three days after its oral pronouncement, included several special conditions, none of which were set out during the oral sentencing. The first special condition requires Gill to participate in mental health

3

treatment services and to contribute to the cost of such services in an amount to be determined by the probation officer; this condition is substantially the same as the one imposed on Gill's probation. The second special condition similarly requires Gill to participate in sex-offender treatment and to contribute to the cost of such treatment. The third special condition prohibits Gill from possessing a computer modem or seeking employment which requires the use of a computer without prior permission of the probation officer. The fourth condition prohibits Gill from frequenting a location or activity where persons under the age of 18 congregate, or from having unsupervised contact with persons under the of 18, without the permission of the probation officer. The fifth special condition prohibits Gill from having "any pornographic matter, or any matter that sexually depicts persons under the age of 18," including matter obtained from a computer. The sixth special condition prohibits Gill from working or volunteering where persons under the age of 18 congregate, without permission of the probation officer.

A defendant has a constitutional right to be present at sentencing. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001); *see also* FED.R.CIRM.P. 43(a)("The defendant shall be present . . . at the imposition of sentence . . . ."). Therefore, when there is a variation between the written sentence and an oral pronouncement, the oral pronouncement controls. *Martinez*, 250 F.3d

4

at 942.

If there is merely an ambiguity between the two sentences, the entire record must be examined to determine the district court's true intent. *Id.* The district court's general reference to "standard conditions," while arguably ambiguous, was sufficient to impose all standard conditions required by statute. *Id.* Further, the reference to unspecified "special conditions" could reasonably have been interpreted as an ambiguous reference to the special conditions originally appended to Gill's terms of probation. With that in mind, we have examined the record and determined that the court intended to require Gill to participate in mental health treatment and to contribute to the cost of that service in an amount to be determined by his probation officer, as set out in the first special condition. However, the silence of the district court as to any additional special condition amounts to a conflict between the oral sentence and the written sentence, rather than an ambiguity. We must therefore vacate those conditions and remand the case with instructions to the district court to amend its written judgment to delete the additional special conditions. *Id.*

**CONCLUSION**

For the foregoing reasons, we affirm Gill's term of imprisonment, and the standard conditions and first special condition of supervised release. We vacate the remaining special conditions and remand for correction of the written judgment.

5

AFFIRMED IN PART, VACATE IN PART, AND REMAND.