IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10260
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS FRANCO LERMA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(1:99-CR-62-1)
--------------------
August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Louis Franco Lerma appeals his 15-month sentence following the revocation of his supervised-release term. Lerma contends that the sentence imposed in connection with his revocation is plainly unreasonable because (1) it is largely based on his state court conviction for family violence assault, and (2) that conviction was subsequently set aside by the granting of his motion for new trial. Lerma asserts that the district court also committed reversible error at sentencing by failing to consider the applicable sentencing guidelines and policy statements in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining his sentence which, he insists, was the product of an upward departure from the guidelines.

We will uphold the results of a sentencing following the revocation of supervised release "unless it is in violation of law or is plainly unreasonable." See United States v. Mathena, 23 F.3d 87, 89 (5th Cir. 1994). In determining whether a sentence is plainly unreasonable or is in violation of law, we review the district court's interpretation of sentencing statutes de novo. Id.

The fact that Lerma's state conviction for family violence assault was set aside does not automatically invalidate the revocation of Lerma's supervised release. After receiving evidence at the revocation hearing regarding, inter alia, facts about Lerma's assault on his 15-year-old daughter, the district court found by a preponderance of the evidence that Lerma had violated his supervised release. Lerma fails to accept the distinction between a revocation of supervised release based on a conviction _qua_ conviction and a revocation based on the facts underlying a conviction. We conclude, irrespective of the state's subsequent setting aside of Lerma's conviction, that the district court had before it a preponderance of the evidence needed to support its finding of a violation of the terms of his supervised release. United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

In sentencing a defendant following the revocation of his supervised release, a district court is required to consider, but is not bound by, the policy statements contained in Chapter 7 of

2

the Sentencing Guidelines.  See Mathena, 23 F.3d at 93.  The record supports the implication that the district court considered, yet rejected, the five-to-eleven month imprisonment range suggested by the policy statements.

Lerma's argument that his sentence represents an upward departure from the Guidelines fails.  A sentence that diverges from advisory policy statements is not a departure.  Mathena, 23 F.3d at 94 n.13.  In light of the number and nature of the release terms violated by Lerma (missing several counseling sessions and drug screenings and assaulting his daughter), the district court obviously found the need to impose a sentence that would serve as a deterrent to further noncompliant and assaultive behavior by Lerma and as punishment for his actions as well.  The district court was within its discretion in considering such factors, so the sentence cannot be said to be plainly unreasonable.  See 18 U.S.C. §§ 3583(e), § 3552(a).

In sum, the district court did not err in sentencing Lerma to 15 months' imprisonment following the revocation of his supervised release.  The judgment of the district court is, therefore, AFFIRMED.