IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-40606
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL VALDEZ-ROBLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-87-CR-144-1
--------------------
May 30, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

   Joel Valdez-Robles challenges his sentence following the revocation of his probation.  He argues that the district court erred in determining that he had conspired to distribute marijuana in March 2001 and then basing Valdez-Robles' sentence on this offense.  Allegations that a probationer has violated the terms of his probation need only be established by a preponderance of the evidence.  See United States v. Teran, 98 F.3d 831, 836 (5th Cir.

_____

   [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996)(citations omitted). A preponderance of the evidence means only that it is more likely than not that a fact is true. <u>United States v. Barksdale-Contreras</u>, 972 F.2d 111, 115 (5th Cir. 1992).

Valdez-Robles has not shown that the evidence adduced at his revocation hearing was insufficient to uphold the district court's finding that he committed the March 2001 offense. This evidence established that sensors had gone off in the area where Valdez-Robles was arrested shortly before his arrest; Border Patrol agents arrested him within 75 yards of the marijuana; there were similar footprints leading from the river to the marijuana and from the marijuana to the area where agents arrested him; and he gave a false name and falsely claimed Mexican citizenship when he was arrested by the Border Patrol. These facts make it more likely than not that Valdez-Robles was part of a conspiracy to distribute the marijuana. Because Valdez-Robles has not shown that district court erred in finding that he committed the March 2001 offense, he likewise has not shown that the district court erred in basing his sentence on this offense. The judgment of the district court is

AFFIRMED.