United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10393
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIE ROBERT MATHEWS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-253-ALL-R
--------------------

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:[1]

Dennie Mathews appeals the revocation of his supervised release and the 12-month sentence imposed by the district court. He argues that the district court's judgment should be vacated and his case remanded because the district court erred in classifying his supervised-release violation as a Grade B violation under the policy statements set forth by the Sentencing Commission, when it

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

was only a Grade C violation.  Mathews contends that the district court thus considered the incorrect sentence available and an inapplicable sentencing range, in violation of 18 U.S.C. § 3583(e).

Mathews preserved error at the revocation hearing with respect to the district court's classification.  The court's classification of Mathews's supervised release violation is a factual finding that is reviewed for clear error.  See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

The record reflects that the district court committed error at Mathews's revocation hearing in concluding that the supervised-release violation was a Grade B violation in light of U.S.S.G. § 7B1.1(a), p.s., and the applicable Texas statutes relating to Mathews's violations.  Although the district court is required under 18 U.S.C. § 3553(a)(4) to consider the applicable policy statements, this court has held that the policy statements relating to revocation of supervised release and resentencing after revocation are advisory only and non-binding.  United States v. Mathena, 23 F.3d 87, 92-93 (5th Cir. 1994).  Because there are no applicable Sentencing Guidelines, this court will uphold a defendant's "revocation and sentence unless it is in violation of law or is plainly unreasonable."  United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

The district court's revocation of Mathews's supervised release and its imposition of a 12-month sentence were not in violation of law, but were in accordance with the governing

statutory authority, 18 U.S.C. § 3583(e)(3).  <u>See</u> <u>Teran</u>, 98 F.3d at 836.  Further, because Mathews does not argue that his sentence is plainly unreasonable, the sentence is upheld despite the district court's classification error.  <u>See</u> <u>Teran</u>, 98 F.3d at 836.  Accordingly, the judgment of the district court is AFFIRMED.