United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10184
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WESLEY CRITES, III,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-168-ALL-G
--------------------

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this expedited appeal, John Wesley Crites, III, challenges the 11-month sentence imposed following the revocation of his supervised release. He maintains that his placement in Criminal History Category III at his original sentencing was error. He argues that the sentence should be vacated and the case remanded to the district court, based on the district court's statement that it lacked authority to recalculate his criminal history score when sentencing Crites following the revocation of Crites's supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.

The Sentencing Guidelines do not provide guideline ranges for sentences upon revocation of supervised release; rather, the Guidelines set forth policy statements, which are advisory only. See United States v. Headrick, 963 F.2d 777, 779-80 (5th Cir. 1992). Thus, this court will uphold a sentence imposed following the revocation of supervised release "unless it is in violation of law or is plainly unreasonable." United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

Crites has failed to show that the 11-month sentence imposed by the district court violated the law or that the sentence was plainly unreasonable. See id. Accordingly, the judgment of the district court is AFFIRMED.