# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-10789
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE RUEPERTO ALANIZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CR-5-2

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Rueperto Alaniz appeals the sentence imposed upon revocation of his supervised release. The release followed his guilty plea conviction for conspiring to possess with intent to distribute and for distributing cocaine. Alaniz argues that the district court imposed a longer sentence of imprisonment than that recommended by the United States Sentencing Guidelines' policy statements applicable to violations of supervised release (which he says was within the range of four to ten months). He asserts that this was plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute for the revocation sentence. 18 U.S.C. § 3583(e)(3). In doing so, the district court is to consider the factors set forth in § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994). The statutory maximum term of imprisonment upon the revocation of Alaniz's supervised release was five years. See 18 U.S.C. § 3583(e)(3). Consequently, it was not error to sentence Alaniz to two years in prison. See id.

Alaniz's argument that the district court did not adequately articulate its sentencing reasons also fails. On plain-error review of a revocation sentence, it suffices to show that the sentencing factors were at least implicitly considered. United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996). By announcing the reasons it gave for Alaniz's revocation sentence, the district court demonstrated that it had implicitly considered the appropriate sentencing factors. See id.

AFFIRMED.