IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-51129
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOE ANTHONY SMITH

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-279-3

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joe Anthony Smith appeals from the judgment of the district court revoking his term of supervised release and imposing a 48-month term of imprisonment. In an agreed judgment in a previous revocation proceeding, Smith received a sentence of three months of imprisonment, in return for which he and his attorney agreed to request a sentence of no less than 48 months upon any future revocation of supervised release, no matter how minor the violation. The agreed judgment notwithstanding, Smith's attorney requested a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of less than 48 months based on what he argued was a minor violation and changed circumstances. The district court chose to enforce the agreement and imposed a 48-month sentence.

Smith argues that the district court's comments indicated that it erroneously believed that it was required to revoke his supervised release and sentence him to 48 months of imprisonment. He contends that the district court was not legally required to revoke his supervised release at all and that the 48-month sentence was plainly unreasonable because his violation was minor and because the district court believed it was required to impose the sentence. The Government argues that the district court's comments did not indicate that it believed itself legally prohibited from considering a sentence of less than 48 months and that this court should enforce Smith's agreement to request a sentence of no less than 48 months. The Government further contends that the 48-month sentence was reasonable.

The record in Smith's case does not indicate that the district court believed itself bound by the agreement made before Smith's first revocation; rather, the record indicates that the district court chose to honor that agreement and impose a 48-month sentence. See R. 2, 12. The decision to revoke Smith's supervised release was not an abuse of discretion, see United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996), nor was the 48-month sentence unreasonable or plainly unreasonable. See United States v. Jones, 484 F.3d 783, 791-92 (5th Cir. 2007).

AFFIRMED.