# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-20614
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff–Appellee,

v.

ROY THOMAS RAWLINSON,

                                        Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-71

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Roy Thomas Rawlinson appeals the twenty-month sentence imposed by the district court following the revocation of his supervised release. The district court determined that Rawlinson's advisory sentencing range was seven to thirteen months of imprisonment, with a statutory maximum term of imprisonment of twenty months. Rawlinson does not challenge these findings. Instead, he contends that the district court's decision to impose the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maximum sentence is unreasonable and that the district court did not articulate specific reasons for imposing the sentence.

Because Rawlinson did not object to his sentence or challenge the alleged lack of reasons for the sentence imposed in the district court, we review for plain error only. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008) (applying plain error review to unpreserved challenge to adequacy of district court's explanation of sentence), petition for cert. filed (July 25, 2008) (No. 08-5514). To establish plain error, Rawlinson must show (1) that there was error, (2) that the error was clear or obvious, and (3) that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 731-37 (1993). If these factors are established, we will exercise our discretion to correct errors that seriously affect the "fairness, integrity, or public reputation of judicial proceedings." United States v. Cotton, 535 U.S. 625, 631 (2002) (internal quotation marks and citation omitted).

When revoking a term of supervised release, a district court may impose any sentence of imprisonment that falls within the maximum term allowed by statute. See 18 U.S.C. § 3583(e)(3). In doing so, the district court is to consider the factors set forth in 18 U.S.C. § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994).

Although Rawlinson's twenty-month sentence exceeds the Guidelines range, it does not exceed the statutory maximum term of imprisonment that the district court could have imposed upon revocation of supervised release. See 18 U.S.C. §§ 3559(a)(3), 3583(e)(3); U.S.S.G. § 7B1.4(a). The district court provided adequate reasons for the imposition of Rawlinson's sentence. The district court stated that it considered the policy statements of Chapter Seven, the advisory Guidelines, the circumstances of the case, and the court's prior leniency toward Rawlinson, who repeatedly violated conditions of his supervised release.

Rawlinson's sentence is neither unreasonable nor plainly unreasonable, and he has not demonstrated plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007); United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.