IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-41198
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NARCISO GUEVARA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:07-CR-585-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Narciso Guevara appeals the 24-month sentence imposed after revocation
of his supervised release. He argues that the decision to sentence him above the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

advisory guideline range and the extent of the departure are unreasonable. He speculates that the court improperly recalculated his criminal history in order to impose the sentence and failed to state reasons for its departure from the recommended range of 4-10 months. Because Guevara did not object in the district court, review is limited to plain error. See United States v. Jones, 484 F.3d 783, 791 (5th Cir. 2007); United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).

The district court did not recalculate the criminal history. The court considered the recommendations of the probation officer and defense counsel and the guidelines or policy statements of chapter 7 before determining that the facts warrant a sentence of 24 months, which, though in excess of the 4-10 month range indicated by the policy statements, is within the 36-month statutory maximum the court could have imposed. See 18 U.S.C. §§ 3559(a)(2), 3583(e)(3); 21 U.S.C. §§ 841, 846; U.S.S.G. § 7B1.4(a). Therefore, the sentence is neither unreasonable nor plainly unreasonable, and there is no plain error. See Jones, 484 F.3d at 786, 792.

Further, the district court provided specific reasons for the sentence. The court stated that Guevara had received a "very big break," which was unjustified by his subsequent criminal actions; that his personal history and characteristics require the sentence imposed; and that the sentence is in line with the goal of deterrence. The court's statement is sufficient and does not constitute plain error. See United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

AFFIRMED.