**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-60777
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NOAH WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CR-123-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Noah Williams appeals the 60-month statutory maximum sentence imposed by the district court following the revocation of his supervised release. Williams argues that the 60-month sentence is unreasonable in light of the advisory guidelines range of 24 to 30 months of imprisonment. He argues that the sentence is unreasonable because the district court's justification for the sentence was inadequate, and the district court failed to state its reasons supporting the sentence imposed in its written judgment. He contends that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct did not place him outside of the mine-run of cases contemplated by the Guidelines. He argues that the 60-month sentence is unreasonable because due to the timing of his underlying offense for conspiracy to distribute cocaine base, his original sentence was about 18 months longer than it would have been had he received the benefit of recent amendments to the Guidelines for crack cocaine offenses. Williams was arrested twice and ultimately convicted for possession with intent to distribute while on supervised release following his time in prison for conspiracy to distribute cocaine base.

Defense counsel's arguments at the revocation hearing may have been sufficient to preserve for appeal Williams's argument that the sentence is substantively unreasonable. However, when a defendant argues for the first time on appeal that the sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for the sentence, we review that issue for plain error. *See United States v. Lopez-Velasquez,* 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In imposing a sentence upon the revocation of supervised release, a district court may impose any sentence that falls within the maximum term of imprisonment allowed by statute. *See* 18 U.S.C. § 3583(e)(3). The district court is to consider the factors set forth in § 3553(a) and the advisory policy statements found in Chapter Seven of the Guidelines. *United States v. Mathena*, 23 F.3d 87, 90 (5th Cir. 1994).

Although Williams's 60-month sentence exceeds the advisory guidelines range, it does not exceed the statutory maximum term of imprisonment. *See* §§ 3559(a)(1), 3583(e)(3); U.S.S.G. § 7B1.4(a), p.s. The district court provided

adequate reasons for the imposition of Williams's sentence. The district court stated that it considered the arguments of counsel, Williams's testimony, the guidelines policy statements, the § 3553 sentencing factors, the nature of the offense, and Williams's history. The district court considered Williams's claim that he had reformed against the facts showing a continuing life of crime following his release, continuing even after a first arrest for dealing drugs, as well as other factors. The district judge recessed the revocation hearing to review carefully the exhibits submitted before ruling. We will not reweigh the § 3553(a) factors. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Williams has not demonstrated plain error in the district court's procedure, and his sentence is neither unreasonable nor plainly unreasonable substantively. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED.