# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2010

No. 09-30520
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL JORDAN JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Middle  District of Louisiana
USDC No. 3:03-CR-48-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Jordan Johnson appeals the 24-month sentence imposed following the revocation of his supervised release for committing a state crime. Johnson argues that his sentence, which was above the recommended range, is procedurally and substantively unreasonable. Johnson contends that the district court failed to articulate reasons to support a sentence above the guidelines range. He further argues that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Johnson did not object to the court's failure to articulate reasons, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, Johnson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* at 1429. If Johnson makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court provided adequate reasons for the imposition of Johnson's sentence. The court specifically cited the sentencing factors of 18 U.S.C. § 3553(a) and stated that it had considered the advisory range of 4-10 months. However, the court did not believe that a sentence within the recommended range was sufficient considering the circumstances of the case. The court reflected on Johnson's criminal history, the characteristics of Johnson, and the need to promote deterrence. The court also noted that the conduct involved in the state offense was similar to the conduct underlying his federal conviction. The court's statement is sufficient and does not constitute plain error. *See Puckett*, 129 S. Ct. at 1429; *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

Johnson's sentence, while in excess of the 4-10 month range indicated by the policy statements of Chapter 7 of the Sentencing Guidelines, was within the 36-month statutory maximum term of imprisonment the district court could have imposed. *See* 18 U.S.C. §§ 1344, 3559(a)(3), 3583(e)(3). Johnson's sentence is neither unreasonable nor plainly unreasonable. *See United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.