# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2010

Lyle W. Cayce
Clerk

No. 09-50481
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2699-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eddie Martinez challenges the sentence the district court imposed after revoking a previously imposed term of supervised release. Martinez argues that the 24-month sentence is plainly unreasonable because the sentence was supposed to be a penalty for his breach of trust in violating the conditions of his supervision, a breach which he asserts was relatively minor. He contends that a sentence between four and ten months of imprisonment, the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines range, would have been sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

Because Martinez did not object to the sentence in the district court, we review for plain error only. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). While the 24-month sentence exceeded the advisory guidelines range as properly calculated by the district court, the sentence did not exceed the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). Given the district court's expressed concerns regarding Martinez's history and characteristics, and its implicit consideration of other § 3553(a) factors as well, Martinez has not shown that the sentence constituted plain error. *See Jones*, 484 F.3d at 792-93; *United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005); *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

AFFIRMED.