# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2019

Lyle W. Cayce
Clerk

No. 19-10105
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff–Appellee,

v.

KEVIN DEWAYNE BROOKS, also known as Kevin Dwayne Brooks,

                    Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-196-4

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:*

Kevin Dewayne Brooks appeals the 24-month sentence of imprisonment imposed following the revocation of his term of supervised release. He contends that the above-guidelines sentence is procedurally and substantively unreasonable.

Generally, we review revocation sentences under the plainly unreasonable standard, examining first for procedural error and then for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantive reasonableness. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, when a district court was not put on notice of the arguments presented on appeal pertaining to a revocation sentence, plain error review applies. *See United States v. Hernandez–Martinez*, 485 F.3d 270, 273 (5th Cir. 2007). Here, Brooks's request for a lenient sentence was insufficient to assert the specific procedural errors he now raises on appeal, and therefore plain error review applies to the procedural issues. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

To demonstrate plain error, Brooks must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but do so "only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Brooks's contention that the district court erred procedurally by failing to explain its sentence adequately is contradicted by the record. After Brooks requested a below-guidelines sentence, the district court noted that Brooks had begun violating the conditions of his supervised release soon after his release from prison. The court also reviewed Brooks's extensive criminal history. Following that review, the district court stated that a 24-month sentence was necessary to address the appropriate sentencing factors. Although the district court did not expressly discuss the 18 U.S.C. § 3553(a) factors, the record shows that it considered them, and, in any event, "[i]mplicit consideration of the § 3553 factors is [generally] sufficient." *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012) (alteration in original) (quoting *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996)). Thus, Brooks has failed to show clear or obvious

error.  *See Puckett*, 556 U.S. at 135.  Further, Brooks has not shown that any deficiency in the explanation affected his substantial rights, as he has not shown that a more detailed explanation would have resulted in a lower sentence.  *See Whitelaw*, 580 F.3d at 263-65.

To the extent that Brooks bases his procedural reasonableness argument on the contention that the district court failed to consider the correct advisory guidelines range, we reject his contention that the district court's statement that a sentence "at the very top" was necessary to achieve the goals of sentencing shows that the district court mistakenly believed that the top of the advisory guidelines range was 24 months.  The district court was informed by the violator's petition that the advisory guidelines range was 5 to 11 months and that Brooks was subject to a two-year statutory maximum term of imprisonment.  Brooks has failed to show clear or obvious error.  *See Puckett*, 556 U.S. at 135.

With regard to Brooks's contention that his sentence is substantively unreasonable, we treat the issue as preserved and review it by applying the plainly unreasonable standard.  *See Warren*, 720 F.3d at 326.  "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *Id.* at 332 (internal quotation marks omitted) (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

We regularly uphold revocation sentences exceeding the recommended range, even in cases when the sentence is the statutory maximum.  *Id.*; *see Whitelaw*, 580 F.3d at 265 (upholding 36-month sentence when the guidelines range was 4 to 10 months of imprisonment).  The fact that we "might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." *Warren*, 720 F.3d at 332 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The judgment of the district court is AFFIRMED.