# United States Court of Appeals for the Fifth Circuit

---

No. 25-10485
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ruben Berger,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-479-3

---

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ruben Berger appeals the revocation of his probation and the imposition of a within-guidelines revocation sentence of nine months of imprisonment with no additional term of supervision. Berger challenges the sufficiency of the evidence supporting the district court's determination that he violated a condition of his probation by committing assault causing bodily

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10485

injury to a family member.  He further contests the procedural and substantive reasonableness of the sentence imposed.

We assume, without deciding, that Berger has preserved his argument as to the sufficiency of the evidence.  *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).  Based on the testimony of the police officers responding to the scene, the district court did not abuse its discretion in concluding by a preponderance of the evidence that Berger committed assault.  *See United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

We review Berger's unpreserved challenges to the revocation sentence for plain error.  *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012); *see also United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013).  On plain error review, Berger has not established that the district court committed procedural error by failing to consider the sentencing factors under 18 U.S.C. § 3553(a).  *See Kippers*, 685 F.3d at 498.  Nor has he established that his within-guidelines sentence is substantively unreasonable. *See id.* at 500.

AFFIRMED.