# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-51349
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

YANCY CALHOUN

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-526-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yancy Calhoun appeals his sentence following the district court's revocation of his thirteen concurrent terms of supervised release. We hold that Calhoun's sentence was not unreasonable, and therefore we AFFIRM the district court.

In 1994, Calhoun pleaded guilty in the United States District Court for the District of Massachusetts to a twenty-five-count indictment, including thirteen drug offenses and twelve unlawful-use-of-communication-facility offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Calhoun was sentenced to thirteen concurrent terms of 188 months' imprisonment on all drug counts, to be followed by concurrent supervised release terms of five years on five of the drug counts, and four years on eight of the drug counts. After being released from prison, Calhoun violated the terms of his supervised release. Jurisdiction was properly transferred to and accepted by the United States District Court for the Western District of Texas. The district court revoked Calhoun's supervised release, and sentenced him to thirteen consecutive terms of 2.3 months' imprisonment (thirty months total) and fifty-seven months' supervised release.

On appeal, Calhoun contends that his total sentence, including imprisonment and supervised release, was unreasonable because it overstated the seriousness of his supervised-release violations, and it failed to account for the "positive strides he had made." Calhoun also contends that the district court did not refer to any of the sentencing factors in 18 U.S.C. § 3553(a) (2006) when pronouncing his sentence. We will address in turn each of Calhoun's arguments.

Before United States v. Booker, 543 U.S. 220 (2005), this court would uphold a sentence imposed after revocation of supervised release "'unless it [was] in violation of the law or plainly unreasonable.'" United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005) (quoting United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001)). In Booker, the Supreme Court directed courts of appeals to "review sentencing decisions for unreasonableness." Booker, 543 U.S. at 264. Because Calhoun's sentence passes muster under either standard, we need not decide which standard of review governs sentences imposed upon revocation of supervised release. See Hinson, 429 F.3d at 119-20.

Calhoun first argues that his total prison sentence of thirty months is unreasonable. We disagree. Each of the thirteen 2.3-month sentences Calhoun received was below the advisory sentencing guidelines range.[1] See 18 U.S.C. §

---

[1] When the Massachusetts district court sentenced Calhoun, it reduced Calhoun's criminal history category from IV to II. Even if we assume Calhoun's criminal history category

3583(e) (2006); U.S. SENTENCING GUIDELINES MANUAL § 7B1.4 (2007). Moreover, the district court had authority to impose consecutive terms of imprisonment after it revoked the concurrent terms of Calhoun's supervised release. See 18 U.S.C. § 3584(a) (2006); Gonzalez, 250 F.3d at 926-27. Accordingly, we hold that Calhoun's total sentence of thirty months' imprisonment was not unreasonable.

Calhoun next challenges his sentence of fifty-seven months' supervised release. Under 18 U.S.C. § 3583(e)(3) (1988), a district court may

> revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release . . . .[2]

In Johnson v. United States, 529 U.S. 694 (2000), the Supreme Court held that 18 U.S.C. § 3583(e)(3) (1988) authorized district courts to reimpose supervised release. Johnson, 529 U.S. at 704, 713.[3] Thus, the district court did not act unreasonably by revoking Calhoun's sentence and reimposing supervised release for a term of fifty-seven months.

---

is category II, the guidelines recommend a term of imprisonment of four to ten months on each count. The lowest sentence in that range is greater than the 2.3-month sentence Calhoun received on each count.

[2]The provision that now governs supervised release following revocation, 18 U.S.C. § 3583(h) (2006), requires that the reimposed term of supervised release "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation." § 3583(h). Calhoun's statute of conviction authorized a maximum of sixty months' supervised release. Calhoun contends that after sentencing him to a total of thirty months' imprisonment, the district court should have sentenced him to no more than thirty months' supervised release. The Government argues that because each individual count carried a prison term of only 2.3 months, the district court properly imposed fifty-seven months' supervised release. However, section 3583(h) "applies only to cases in which [the] initial offense occurred after the effective date of [subsection (h)], September 13, 1994." Johnson v. United States, 529 U.S. 694, 702 (2000). Where the initial offense occurred before September 13, 1994, 18 U.S.C. § 3583(e)(3) (1988) governs. Calhoun pleaded guilty to all of his initial offenses on March 22, 1994. Accordingly, section 3583(e)(3) applies to the present case, and we need not decide which party properly calculated Calhoun's supervised release under § 3583(h). See id. at 702.

[3]We have held it is not unconstitutional to apply Johnson retroactively. United States v. Martinez, 496 F.3d 387, 390 (5th Cir. 2007).

Finally, Calhoun argues that the district court failed to articulate expressly the § 3553(a) factors when it imposed his sentence. After finding that a defendant has violated a condition of supervised release, the district court must consider the § 3553(a) factors in determining the sentence to be imposed. Gonzalez, 250 F.3d at 929. We presume that "'district courts know the applicable law and apply it correctly,'" and we believe that "'Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense.'" Id. at 930 (quoting United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998)). Thus, "'[i]mplicit consideration of the § 3553[(a)] factors is sufficient.'" Id. (quoting United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996)).

After reviewing the sentencing transcript, we hold that the district court implicitly considered the § 3553(a) factors in sentencing Calhoun. The district court heard the well-articulated arguments of both Calhoun and the Government before imposing Calhoun's sentence. See Gonzalez, 250 F.3d at 930. Specifically, the court heard arguments concerning Calhoun's criminal history, his prompt return to drug crime following his initial prison term, his lack of respect for the law, the availability of prison drug-abuse programs and how they could benefit Calhoun, and the need to adequately deter Calhoun from drug crime in the future. See § 3553(a). Operating under the presumption that the district court knows and correctly applies the law, and absent a contrary indication in the record, we find that the district court sufficiently considered and correctly applied the § 3553(a) factors in sentencing Calhoun.

We conclude that Calhoun's total sentence of thirty months' imprisonment followed by fifty-seven months' supervised release was not unreasonable, and that the district court implicitly considered the § 3553(a) factors when it imposed Calhoun's sentence.

AFFIRMED.