# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 19-50812
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JORGE CALDERA,

Defendant–Appellant.

————————————

Appeal from the United States District Court
for the Western District of Texas
No. 7:18-CR-9-1

————————————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Caldera challenges the 37-month sentence following the revocation

————————————

[*] Pursuant to 5TH CIRCUIT RULE R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of supervised release for his 2006 conviction of possession with intent to distribute methamphetamine.  A revocation sentence typically is reviewed to determine whether it is "plainly unreasonable."  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Because Caldera failed to object in the district court, we review his procedural-reasonableness arguments for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  Caldera must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  We have discretion to correct such an error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citation omitted).

Caldera maintains that the district court procedurally erred by failing to consider the sentencing factors of 18 U.S.C. § 3553(a).  Although the court did not explicitly indicate that it had considered those factors, "[i]mplicit consideration of the § 3553 factors is sufficient."  *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

Several facts support a conclusion that the district court implicitly considered those factors.  The court had the petitions for warrant and the violation worksheets, which detailed Caldera's violations and the calculation of the recommended sentence.  During the hearing, the court expressed concern with Caldera's inability to comply with the terms of his supervision, as evidenced by his "multiple violations."  It also stated that it was revoking supervised release per the Sentencing Reform Act of 1984, which sets forth the § 3553(a) factors.  Finally, the revocation hearing occurred immediately after the court completed a full sentencing hearing for Caldera's two new drug convictions, which formed part of the basis for the revocation proceeding.  At that prior sentencing hearing, the court heard arguments regarding an appropriate

sentence for those new offenses and stated that it had considered the § 3553(a) factors. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001) (concluding that the district court had implicitly considered the § 3553(a) factors during revocation, based in part on the fact that the same court also had imposed the original sentence, where it explicitly considered several of the § 3553(a) factors).

During Caldera's revocation proceeding, the court stated on several occasions that it also would be considering the facts and arguments it had just heard at the new sentencing hearing. Based on these facts, we conclude that the district court implicitly considered the § 3553(a) factors at the revocation hearing, so Caldera has not shown plain error.

Caldera also briefly argues that the district court failed adequately to explain its choice of sentence. Because the sentence is within the advisory range, it is presumed reasonable, *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008), and little additional explanation is required, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In addition, because plain error review applies, Caldera must demonstrate that any error affected his substantial rights, which means he must show that a more thorough explanation would have resulted in a lesser sentence. *See Whitelaw*, 580 F.3d at 264−65. Caldera has not made such a showing.

AFFIRMED.